

# In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00151-CR
_____

DANIELLE MICHELLE HESTER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court
Fannin County, Texas
Trial Court No. 43185

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Danielle Michelle Hester was convicted by a jury of a misdemeanor, driving while intoxicated (DWI). The trial court assessed punishment at six months' confinement in county jail, but suspended the imposition of sentence and placed her on community supervision for six months.

Hester contends that her conviction should be reversed because of evidentiary insufficiency. She takes the position that the State never identified her as the person who committed the offense and that the trial court erred by admitting her booking photograph as evidence. We find both contentions to be without merit and affirm.

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).

In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). When we review a court of appeals's application of the legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979), "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. This standard accounts for the fact-finder's duty "to resolve conflicts in the testimony, to weigh the evidence, and to draw

reasonable inferences from basic facts to ultimate facts." *Id.*; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

In contrast to a legal sufficiency review, in a factual sufficiency review, we review all the evidence, but do so in a neutral light and determine whether the evidence supporting the verdict is so weak or is so outweighed by the great weight and preponderance of the evidence that the jury's verdict is clearly wrong or manifestly unjust. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008); *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007).[1]

Hester argues that there was no testimony from the arresting officer that identified her as the driver of the vehicle. That is not strictly accurate. When Deputy Sheriff James Hawkins was cross-examined by Hester's counsel, the following exchange took place:

> Q.   And then at that point, did you make contact with the driver?
>
> A.   Yes, ma'am.
>
> Q.   And who did you determine the driver to be?
>
> A.   The Defendant right there.

Hester was the only driver involved in the prosecution, and she was the defendant in this case. There is no evidence to the contrary, nor any evidence to suggest that she was not the driver or the subject of the investigation. Thus, we find this evidence both legally and factually sufficient

---

[1]In this analysis, we may use a hypothetically correct jury charge to evaluate both the legal and factual sufficiency of evidence. *Grotti v. State*, No. PD-134-07, 2008 WL 2512832 (Tex. Crim. App. June 25, 2008).

to prove that this defendant, Danielle Hester, was identified as the driver of the vehicle involved by the arresting officer. We also note that the jury was shown video footage of the investigation featuring the driver of the vehicle, as well as the photograph of the person arrested at the time she was booked in at the jail. There was sufficient evidence to support a conclusion by the jury that Hester was the individual arrested for DWI, and no evidence to the contrary. The contention of error is overruled.

In her remaining issue, Hester complains that the trial court erred by admitting the book-in photograph. Although the argument is not clear, it appears that she acknowledges that it was relevant, but that the prejudice of admitting the evidence substantially outweighed its probative value. *See* TEX. R. EVID. 403.

Trial judges are required to exclude evidence when its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403; *Montgomery v. State*, 810 S.W.2d 372, 392 (Tex. Crim. App. 1990). A trial court, when undertaking a Rule 403 analysis, must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. Of course, these

4

factors may well blend together in practice. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

We review the trial court's decision in balancing these factors under the abuse of discretion standard and will find error only when the trial court's decision falls outside the zone of reasonable disagreement. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).

Hester argues that the photograph was unnecessary, had little probative value as to whether she committed the offense, and showed a very distraught appellant; thus, it had the potential to impress the jury in an irrational way.

Unfair prejudice refers to a tendency to suggest decision on an improper basis, commonly, although not necessarily, an emotional one. *Gigliobianco*, 210 S.W.3d at 641. Evidence might be unfairly prejudicial if, for example, it arouses the jury's hostility or sympathy for one side without regard to the logical probative force of the evidence. *Id.* Obviously, it does not arise from the mere fact that evidence injures a party's case—that is the purpose of evidence offered by a party—to be prejudicial to his opponent's case. *Casey*, 215 S.W.3d 883. Evidence is unfairly prejudicial only when it tends to have an adverse effect beyond tending to prove the fact or issue that justifies its admission as evidence. *Id.*

The photograph is part of our record. It is a relatively innocuous photograph of a person who has been recently arrested. Although we have not seen Hester and cannot compare the photograph to her actual appearance, it does not appear to flatter her; nevertheless, it is also not one that we

5

believe was of such a nature as to have the potential to impress the jury in some irrational way. Further, it was of relevance to show her physical condition near the time when she was arrested for DWI. This is also relevant because a part of the State's argument involved the appearance of her eyes and pupils at the time the officer arrested her, comparing them in the photograph (i.e., at the time of her arrest) to their appearance at the time of trial. We decline to determine that the decision to admit the evidence was outside the zone of reasonable disagreement. The contention of error is overruled.

We affirm.

Bailey C. Moseley
Justice

Date Submitted: December 12, 2008
Date Decided: December 15, 2008

Do Not Publish