**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00326-CR**
_____

**LEE ROY BIBLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 11-08-08966 CR**

**MEMORANDUM OPINION**

Lee Roy Bible was charged with sexually abusing his granddaughter, S.M. A jury convicted Bible of two counts of indecency with a child, and the trial court sentenced Bible to thirty years in prison on each count. In three appellate issues, Bible challenges the admission of extraneous-offense evidence. We affirm the trial court's judgment.

1

We review a trial court's admission of extraneous-offense evidence under an abuse of discretion standard. *Rankin v. State*, 974 S.W.2d 707, 718 (Tex. Crim. App. 1998) (op. on reh'g). Evidence of other crimes, wrongs, or acts may be admissible for purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Tex. R. Evid. 404(b). Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence. Tex. R. Evid. 403.

In issue one, Bible challenges the admission of evidence based on sexual abuse allegations made in 2000 by another granddaughter, S.B. According to Bible, this evidence was presented through S.M.'s testimony, Detective Melanie Wood's testimony, and an audio recording of an interview between Wood and Bible in violation of Rule 403. At a pretrial motion in limine hearing, the State explained that S.M. gave a delayed outcry because, in 2000, S.B. made sexual abuse allegations against Bible, which led to a physical altercation between S.B.'s father and Bible, after which Bible stopped abusing S.M. and S.M. did not want Bible to get into trouble. The defense argued that this evidence was highly prejudicial and not probative. The trial court withheld a ruling. At a later hearing,

2

the parties discussed the admissibility of an audio recording of Wood's interview with Bible that contained discussions about S.B. The trial court ordered that the recording be redacted to omit references to S.B., subject to further rulings.

During opening statements, defense counsel argued that S.M.'s father had molested her during the same time period and the evidence would show that:

> . . . there was an incident where . . . she got a little nervous and fidgety and shied away from a boy, from her boyfriend.
>
> And she could see he was hurt by the way she was responding to him. And in explanation of that, what does she do? "My grandpa has been molesting me." . . . But who is she closer to -- dad or step grandfather?
>
> So, in explanation, she is not going to tell that boyfriend: My dad is doing this. She is going to tell: Granddad did it, step granddad did it.

S.M. subsequently testified that she did not disclose the abuse because she was afraid Bible would get into trouble. On cross-examination, the following exchange occurred:

> Defense Counsel: And you were not afraid your father was going to beat up Mr. Bible because you know what your father was doing to you, correct?
>
> S.M.: Right.
>
> Defense Counsel: So you really -- that's not the reason for your delayed outcry, correct?
>
> S.M.: No. I mean, you're wrong. That is the reason.

3

Defense Counsel: Because you were afraid of your father beating him up?

S.M.: Because I was afraid.

. . .

Defense Counsel: And this whole thing came about because you had to explain to a boyfriend why you didn't want him touching you.

S.M.: Right.

Defense Counsel: Because you put it all on Mr. Bible, right?

S.M.: Right.

Defense Counsel: You didn't tell him all the horrible things your dad was doing to you because you didn't want to get your dad in trouble, right?

S.M.: Right.

Defense Counsel: And that's the real reason you're telling this story about Mr. Bible.

S.M.: Right.

On redirect, the State argued that the door had been opened to extraneous acts to explain S.M.'s delayed outcry, and the trial court agreed. Over the defense's hearsay objections, S.M. testified that she had heard about a physical fight between Bible and her uncle over Bible's inappropriate acts with S.B. S.M. denied fabricating the allegations against Bible.

4

Before Wood testified, the State expressed intent to offer the audio recording without redacting discussions about S.B. Over Bible's Rule 403 objections, the trial court ruled that the conversations would be admitted and that Wood could testify to this subject. The record does not indicate that Bible obtained a running objection on Rule 403 grounds. Wood testified that she was involved in a 2000 indecency with a child case regarding sexual abuse of S.B. by Bible. Wood testified that S.B.'s father fought with Bible when he heard about the allegations. The trial court gave the jury a limiting instruction regarding Wood's testimony. The State subsequently played the audio recording for the jury.

We first address the State's contention that Bible has failed to preserve this issue for appellate review. Bible objected to admission of evidence concerning the 2000 allegations at the pre-trial motion in limine hearing, but did not obtain a ruling on his objection at that time. *See* Tex. R. App. P. 33.1(a). Moreover, "[f]or error to be preserved with regard to the subject of a motion *in limine*, an objection must be made at the time the subject is raised during trial." *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). When S.M. testified, however, Bible objected solely on hearsay grounds. A hearsay objection does not constitute the proper evidentiary basis for challenging extraneous-offense evidence. *See Camacho v. State,* 864 S.W.2d 524, 533 (Tex. Crim. App. 1993) ("An objection

5

stating one legal theory may not be used to support a different legal theory on appeal.").

Regarding the recorded interview, the trial court initially agreed that references to S.B. should be redacted. Absent an adverse ruling, however, nothing was preserved for review at that time. *See Flores v. State*, 871 S.W.2d 714, 723 (Tex. Crim. App. 1993). By the time Wood testified, without a Rule 403 objection, and the jury heard the audio recording, S.M. had already testified to the 2000 allegations without a Rule 403 objection. Additionally, one of the defense's own witnesses, Bible's wife, acknowledged that she was aware of a situation involving S.B. that occurred in 2000 and that she did not know anyone who saw anything happen between S.B. and Bible. On cross-examination, without an objection from the defense, Bible's wife testified that she was aware of a 2000 physical altercation between Bible and his son.

Even the erroneous admission of evidence will not require reversal when the same or similar evidence was received without objection, either before or after the complained-of evidence. *See Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010). Bible's hearsay objections to S.M.'s testimony cannot be used to support a different legal theory, violation of Rule 403, on appeal. *See Clark v. State,* 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *see also Camacho*, 864

6

S.W.2d at 533. Because the same or similar evidence was admitted through S.M.'s testimony, without an objection on the proper evidentiary basis, and Bible's own defense witness, Bible has forfeited any complaint regarding the interview and Wood's testimony on the same subject matter. *See Coble*, 330 S.W.3d at 282. We overrule issue one.

In issues two and three, Bible challenges the admission of testimony from A.W., the victim of a 1983 sexual abuse offense involving Bible. Bible contends that A.W.'s testimony was admitted into evidence in violation of Rules of Evidence 403 and 404. During discussions regarding Wood's recorded interview with Bible, the trial court ordered that the recording be redacted to exclude any conversations related to A.W. Before A.W. testified, the defense argued that her testimony was irrelevant, not probative, and prejudicial. The trial court overruled the objection on grounds that the evidence was admissible to rebut the defensive theory of recent fabrication, but stated that A.W. could not testify that Bible went to prison for the offense. The trial court gave the jury a limiting instruction before A.W.'s testimony. A.W. testified that Bible was a family friend and that when she was seven years old, Bible sexually assaulted her.

Rebuttal of a defensive theory is a permissible purpose for which evidence may be admitted under Rule 404(b). *Williams v. State*, 301 S.W.3d 675, 687 (Tex.

7

Crim. App. 2009). Specifically, extraneous-offense evidence is admissible to rebut the defensive theory that the complainant fabricated the allegations against the defendant. *Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008). In this case, the defense raised the issue of fabrication by arguing that S.M. lodged allegations against Bible because she did not want her boyfriend to know that her father was her abuser and by questioning S.M. on this topic. On appeal, Bible contends that A.W.'s testimony could not be used to rebut his defense because the 1983 offense is not sufficiently similar to the charged offense.

An extraneous offense offered to rebut a defensive theory of fabrication does not require the same degree of exacting similarity between the extraneous and charged offenses as does an extraneous offense offered to prove a defendant's system of committing criminal acts. *Dennis v. State*, 178 S.W.3d 172, 179 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). The charged offense and the extraneous offense must at least be similar. *See Wheeler v. State*, 67 S.W.3d 879, 887 n.22 (Tex. Crim. App. 2002). In this case, both S.M. and A.W. are female, both were children at the time of the abuse, both were around the same age at the time of the abuse, Bible knew both of the victims, and though not identical, both offenses involved similar sexual acts. It is subject to reasonable disagreement whether A.W.'s testimony was admissible for the noncharacter-conformity purpose

8

of rebutting Bible's defensive theory that S.M. fabricated her allegations against him. *See Bass,* 270 S.W.3d at 563. It is also subject to reasonable disagreement whether A.W.'s testimony made Bible's defensive theory of fabrication less probable. *See id.* Under these circumstances, the trial court did not abuse its discretion by concluding that A.W.'s testimony was admissible to rebut Bible's defensive theory of fabrication.

Nevertheless, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. A Rule 403 balancing test considers:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006). Rule 403 envisions exclusion of evidence only when there is a clear disparity between the degree of prejudice of the extraneous-offense evidence and its probative value. *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009). Rule 403 favors the admission of relevant evidence and presumes that relevant evidence will be

9

more probative than prejudicial. *Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007).

On appeal, Bible complains that the 1983 offense was too remote from the charged offense and that the State had already introduced evidence of the 2000 offense, thereby reducing the probative value of A.W.'s testimony. Although the remoteness of an extraneous offense impacts its probative value, there is no "presumptive time limitation which must be met for an extraneous offense to have probative value." *Newton v. State*, 301 S.W.3d 315, 318 (Tex. App.—Waco 2009, pet. ref'd). A.W.'s testimony was probative to rebut Bible's defensive theory of fabrication, but this factor weighs only slightly in favor of admissibility, given the remoteness of the 1983 offense. *See id*. at 320. While the State had presented evidence of the 2000 offense, because there were no witnesses to the abuse of S.M. and Bible claimed S.M. fabricated her allegations, the trial court could have determined that the State had a considerable need for evidence of the 1983 offense. *See id*.

A.W.'s testimony consumed a relatively small portion of the evidence presented at trial, was not cumulative, and, in closing, the State argued that A.W.'s testimony was offered as evidence to rebut Bible's defensive theory of fabrication. Additionally the trial court's limiting instruction, which restricted the jury's

consideration of A.W.'s testimony to rebut the defensive theory of fabrication and for no other purpose, minimized any impermissible inference of character conformity. *See Lane v. State*, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996). Finding no clear disparity between the degree of prejudice of the 1983 offense and its probative value, we hold that the trial court did not abuse its discretion by admitting A.W.'s testimony into evidence. *See Hammer*, 296 S.W.3d at 568. We overrule issues two and three and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on June 19, 2013
Opinion Delivered July 10, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Kreger, JJ.

11