In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00243-CR
_____

JOSH ALFRED LAWSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 359th District Court
Montgomery County, Texas
Trial Cause No. 10-05-04694-CR

MEMORANDUM OPINION

A jury convicted Josh Alfred Lawson of burglary of a habitation and the trial court sentenced Lawson to life in prison. In a single appellate issue, Lawson challenges the admission of extraneous-offense evidence at trial. We affirm the trial court's judgment.

On January 11, 2010, someone broke into Don Huber's home and took a safe that contained jewelry, guns, ammunition, and documents. Huber told police that he suspected Lawson. Huber explained that Lawson first came to Huber's

1

home with a realtor when the home was for sale. Lawson came to the home a second time with a different realtor. Huber testified that Lawson came to the home a third time and wanted to discuss Huber's longhorns, but that Lawson walked around the house and never looked at the longhorns. About two weeks later, Lawson came to the house a fourth time, and Huber found the frequent visits unusual and contacted the police. On cross-examination, the defense elicited Huber's testimony that an exterminator, a man who spread fertilizer, and family members all knew about the safe.

On cross-examination of Detective Keith Winford, the defense elicited testimony that officers found no direct physical evidence, such as fingerprints or DNA, inside Huber's home. Winford also testified that no witnesses or physical evidence placed Lawson inside the home. Detective Mike Price testified, on cross-examination, that there were no eyewitnesses to the burglary and no direct evidence placing Lawson inside the home. Dan Camillo, owner of Camillo's Fine Jewelry, testified on cross-examination that although he and Huber had a disagreement, law enforcement officers never questioned him about involvement in the burglary.

The State sought to introduce evidence of three other burglaries on grounds that the defense had opened the door through its cross-examination of Huber,

2

Winford, Price, and Camillo. The State argued that the burglaries were admissible for several purposes, including identity. The defense objected pursuant to Rules of Evidence 403 and 404(b). The trial court found that the evidence was admissible for proving identity or scheme and that its probative value was not outweighed by the danger of unfair prejudice.

The State subsequently presented evidence of the three extraneous burglaries. First, Carolyn Boyett testified that on the morning of December 18, 2009, she heard an intruder in her home. Boyett saw a man walk around the side of her home toward a white pickup truck. Price testified that Lawson and another man had rented the truck. Price testified that Lawson was indicted for burglary of the Boyett home. Second, Marilyn Hancock testified that her home was burglarized on January 6, 2010, and her jewelry was stolen, including some Mikimoto pearls. Price testified that Royal Coin and Jewelry ("Royal Coin") paid Lawson several thousand dollars for some Mikimoto pearls. Price testified that Lawson was indicted for burglary of the Hancock home. Third, Price testified that on February 17, 2010, jewelry and guns were taken from Joe Havens's home. Winford testified that he recovered some of the jewelry from Royal Coin. Royal Coin had paid Lawson for the jewelry. Price testified that Lawson was indicted for burglary of the

3

Havens home. The trial court gave the jury an instruction limiting its consideration of the burglaries to the sole purpose of identity.

On appeal, Lawson contends that: (1) the trial court erred by finding that the three burglaries were admissible to prove identity; (2) the extraneous-offense evidence was not sufficiently similar to the charged offense; (3) the evidence was inadmissible under Rule 403; and (4) the admission of the evidence caused harm. We review a trial court's admission of extraneous-offense evidence under an abuse of discretion standard. *Rankin v. State*, 974 S.W.2d 707, 718 (Tex. Crim. App. 1998) (op. on reh'g). Evidence of other crimes, wrongs, or acts may be admissible for purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Tex. R. Evid. 404(b). Extraneous-offense evidence may be admissible to show identity only when identity is an issue. *Lane v. State*, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996). Identity may be raised by the defense during its cross-examination of the State's witnesses. *Id*. The extraneous offense must be so similar to the charged offense that the offenses are marked as the defendant's handiwork. *Id*. "[S]ufficient similarity may be shown by proximity in time and place *or* by a common mode of committing the offenses." *Id*.

On cross-examination of the State's witnesses, the defense placed identity in issue by eliciting testimony suggesting that someone other than Lawson committed the charged offense. The three extraneous burglaries and the charged offense occurred during the daytime hours, in the same area, and close in time. The extraneous offenses are sufficiently similar to the charged offense; thus, the trial court did not abuse its discretion by admitting the three burglaries into evidence for purposes of identity under Rule 404(b). *See* Tex. R. Evid. 404(b); *see also Lane*, 933 S.W.2d at 519.

Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence. Tex. R. Evid. 403. A Rule 403 analysis balances:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006). Rule 403 envisions exclusion of evidence only when there is a clear disparity between the

degree of prejudice of the extraneous offense and its probative value. *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009). Rule 403 favors the admission of relevant evidence and presumes that relevant evidence will be more probative than prejudicial. *Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007).

In this case, evidence that Lawson burglarized the Boyett, Hancock, and Havens homes was probative of Lawson's identity as the person who burglarized the Huber home. Because there were no witnesses to the Huber burglary or physical evidence linking Lawson to the burglary and because Lawson elicited evidence suggesting that he was not the person who committed the burglary, the trial court could have determined that the State had a considerable need for evidence of the Boyett, Hancock, and Havens burglaries. Testimony regarding the three extraneous burglaries did not consume an inordinate amount of time during trial. The State focused the majority of its closing argument on the evidence establishing that Lawson burglarized the Huber home and explained that the extraneous burglaries helped to identify Lawson as the burglar of the Huber home. Additionally the trial court's limiting instruction, which restricted the jury's consideration of the extraneous burglaries to identity and for no other purpose, minimized any impermissible inference of character conformity. *See Lane*, 933 S.W.2d at 520.

Finding no clear disparity between the degree of prejudice of the three extraneous burglaries and their probative value, we hold that the trial court did not abuse its discretion by concluding that the probative value of the extraneous-offense evidence was not outweighed by the danger of unfair prejudice. *See Hammer*, 296 S.W.3d at 568. We overrule Lawson's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on July 16, 2013
Opinion Delivered September 4, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Kreger, JJ.

7