ACCEPTED
13-15-00110-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/2/2015 12:37:54 PM
CECILE FOY GSANGER
CLERK

CAUSES 13-15-00110-CR

IN THE THIRTEENTH SUPREME JUDICIAL DISTRICT OF TEXAS AT

CORPUS CHRISTI, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/2/2015 12:37:54 PM
CECILE FOY GSANGER
Clerk

**JAMES CORTNEY DEAN,** APPELLANT


VS.


THE STATE OF TEXAS, APPELLEE



**APPELLANT'S BRIEF**


Trial Cause 14-03-27814-A


Victoria Co. District Court




Submitted by


W. A. (BILL) WHITE
Attorney for Appellant
POB 7422, Victoria, TX 77903
(361) 575-1774 voice & fax
TBN 00788659



ORAL ARGUMENT **NOT** REQUESTED

1

## IDENTITY OF PARTIES AND COUNSEL

Appellant was represented at trial by Mr. Peter W. Justin, Attorney at Law, 405 Main Street, Suite 1120, Houston, TX 77002.  Appellant is represented on appeal by Mr. W. A. (Bill) White, Attorney at Law, POB 7422, Victoria, TX 77903-7422.

During trial, appellant was a resident of Victoria County, Texas.  Appellant is currently incarcerated in IDTDCJ.

The State was represented at trial by Mr. Brendan Guy, A.D.A. of the Victoria Co. District Attorney's Office, 205 N. Bridge Street, Suite 301, Victoria, TX 77901.  Appellant anticipates that Brendan Guy, A.D.A., will also handle the State's reply brief in this cause.

## TABLE OF CONTENTS

                                                          Page

Index of Authorities                                        4

Appellant's Brief                                           5

Statement of Case and Statement of Facts                    5

Issue Presented                                             7

Summary of Argument                                         7

Argument                                                    8

*Sole Issue*                                                8

Prayer                                                     12

Certificate of Service                                     12

Certificate of Compliance                                 13

INDEX OF AUTHORITIES

*Cases*                                                        *Page*

*Gigliobianco v. State,* 210 S.W.3d 641 (Tex.Crim.App.

2006)                                                            10

*Montgomery v. State,* 810 S.W.2d 372 (Tex.Crim.App.

1990)                                                            10


*Statutes*

*Tex.R.Evid.* 401 (Vernon 2014)                                  8

*Tex.R.Evid.* 402 (Vernon 2014)                                  8

*Tex.R.Evid.* 403 (Vernon 403)                                   8

CAUSE 13-15-00110-CR
Trial Cause 14-03-27814-A

JAMES CORTNEY DEAN, Appellant      IN THE THIRTEENTH

VS.                                  COURT OF APPEALS AT

THE STATE OF TEXAS           CORPUS CHRISTI, TEXAS

APPELLANT'S BRIEF

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW APPELLANT, JAMES CORTNEY DEAN, through counsel, W. A. (BILL) WHITE, Attorney at Law, showing:

STATEMENT OF CASE AND STATEMENT OF FACTS

Appellant was indicted in March 2014 for possession (with intent to deliver) a controlled substance in penalty group 1 (cocaine) between 4 and 200 grams. (RR Vol. 2, p. 142). The crime was alleged to have taken place on or about 1/18/14 in Victoria County, Texas during nighttime hours. (RR Vol. 2, pp. 153-164)

Appellant was detained pursuant to a traffic stop as he drove a vehicle with an adult female in the right front seat. There were two traffic violations which

5

led to the stop.  Appellant did not stop the car immediately, but drove further before pulling over. The investigating officer asked for consent to search the car, which appellant granted.  A baggie was found inside or behind a radio/DVD player in the car's back seat which was later discovered to contain cocaine. (RR Vol. 2, pp. 165-166).

Before appellant stopped the car, the female passenger saw appellant abruptly swallow something unknown before he conversed with the investigating officer.  This female later testified as a State's witness at trial. (RR Vol. 3, pp. 90-93)

A few hours later, after his arrest, appellant had to be taken to a Victoria hospital because he began to suffer a seizure. (RR Vol. 2, pp. 145-146)

The indictment also alleged two previous felony convictions as enhancements, but both convictions occurred on the same date, raising the usual first degree felony punishment range for this crime to that of repeat felony offender, a range of 15 to 99 years or

life in prison and up to a $10,000 fine.  Both previous convictions were for robbery. (RR Vol. 4, p. 133).  At his punishment phase on 3/04/15, appellant pled "true" to both convictions.

Appellant's trial lasted from 3/02/15 into 3/04/15, with jury selection starting on 3/02/15.  Trial on the merits commenced immediately after the jury was seated on 3/02/15.  Appellant was convicted as indicted on 3/04/15 (RR Vol. 4, p. 130), and the jury later assessed punishment at 35 years in prison and a $5,000 fine. (RR Vol. 4, pp. 166-167).  The trial court pronounced this sentence.  Appellant then appealed.

<u>ISSUE PRESENTED</u>

THE TRIAL COURT ERRED BY ADMITTING IRRELEVANT EVIDENCE
AND EVIDENCE VIOLATIVE OF TEXAS RULE OF EVIDENCE 403

<u>SUMMARY OF ARGUMENT</u>

Applying legal standards from *Gigilobianco* and *Montgomery,* evidence that appellant swallowed smoething

just before stopping his vehicle and talking with his arresting officer should not have been admitted.

ARGUMENT

*SOLE ISSUE*

Before the State even made opening statement during guilt/innocence, defense counsel lodged a pre-emptive objection to the prosecutor mentioning in same that appellant was seen swallowing something just before he stopped his car and interfaced with his arresting officer. (RR Vol. 2, pp. 134-136).

Defense counsel argued that this testimony or evidence would be both irrelevant under rules 401 and 402 of the Texas Rules of Evidence, and that same should be excluded under rule 403 of the same rules because any probative value would be substantially outweighed by the danger of unfair prejudice. *See Tex.R.Evid.* 401 (Vernon 2014); *Tex.R.Evid.* 402 (Vernon 2014); *Tex.R.Evid.* 403 (Vernon 2014). The trial court

overruled this objection, but gave appellant's trial lawyer a "running objection".

Later in the trial, defense counsel clarified and better enunciated his objection for the record. (RR Vol. 3, pp. 113-115). He was again overruled.

Defense counsel also objected still later in the trial to written medical records and a discharge summary offered by the State at guilt/innocence, showing what substances were present in appellant's system at the hospital. (RR Vol. 3, p. 159; SX-20 and SX-21). This objection was also overruled.

A similar objection was also made to SX-19, which was also overruled. (RR Vol. 3, p. 208). It was shortly thereafter revealed that appellant had tested positive at the hospital for benzodiazapines, cocaine, and PCP. (RR Vol. 3, p. 218, lines 24-25). Appellant was only charged by indictment with possessing cocaine.

A trial court, when undertaking a Rule 403 analysis, must balance (1) the inherent probative force of the proffered item of evidence along with (2) the

9

proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.  Of course, these factors may blend together in practice. *Gigliobianco v. State,* 210 S.W.3d 641-42 (Tex.Crim.App. 2006).

In deciding whether a particular piece of evidence is relevant, a trial court judge should ask "would a reasonable person, with some experience in the real world believe that the particular piece of evidence is helpful in determining the truth or falsity of any fact that is of consequence to the lawsuit." *Montgomery v. State,* 810 S.W.2d 372, 376 (Tex.Crim.App. 1990).

The main problem with the admitted evidence about swallowing illegal substances, including two substances other than the cocaine appellant was accused of possessing, fall under factors (2) and (3) of the *Gigliobianco* analysis. Under factor (2), the State did not need to offer this evidence. It had evidence of possession by the presence of a baggie of cocaine in appellant's backseat, along with appellant's reluctance to stop his car as soon as the policeman initiated a traffic stop.

Factor (3) of *Gigliobianco* is more problematic. This evidence created a grave danger that appellant's jury made its decision (verdict) on an improper basis. Appellant may well have been convicted for being a drug-user or drug-dealer *in general* because of this evidence, rather than because the State proved every element of its alleged offense beyond a reasonable doubt.

Under *Montgomery,* appellant's hasty swallowing of any substance, including those for which he later

11

tested positive, is not a fact of consequence to the lawsuit. It was merely an attempt to sensationalize an otherwise factually mundane felony trial and instill appellant's jury with fear and disgust.

PRAYER

Appellant prays that conviction be reversed.

Respectfully submitted,

/s/ W. A. White
W. A. (BILL) WHITE
ATTORNEY FOR APPELLANT
POB 7422, Vict., TX 77903
(361) 575-1774 voice/fax
TBN 00788659

CERTIFICATE OF SERVICE

I certify that a true and correct copy or duplicate original of the foregoing has been provided to Brendan Guy, A.D.A., Victoria Co. District Attorney's Office, 205 N. Bridge St., Suite 301, Victoria, TX 77901 via U.S. mail, fax, electronic delivery, or hand-delivery on this the 2nd day of July 2015.

/s/ W. A. White
W. A. White

## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 1,404 words.

/s/ W. A. White
W. A. White