# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00328-CR

**Daniel Lorenzo Wilson, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 72334, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

After Daniel Lorenzo Wilson pleaded guilty to murder, the trial court held a non-jury punishment hearing and assessed punishment at life in prison. Wilson contends that the trial court abused its discretion by admitting photographs from the crime scene that were unfairly prejudicial. We will affirm the judgment.

In his guilty plea, Wilson admitted that he murdered Karen Edwards. At the punishment phase, a witness described in detail Wilson's actions in committing the murder. She testified that Wilson shot Edwards in the leg, then would not let her leave the home. Thirty minutes later, he shot her in the stomach, but would not let her call her family. When Edwards tried to escape, he shot her in the head. She was still breathing, so he hit her in the face with a flashlight repeatedly, causing brain matter and skin to fly. When Wilson saw that Edwards was still breathing, he stepped on her neck, grabbed a sword off of a table, and started chopping downwards. He told

the witness to "get this trash out of my house"—referring to Edwards—and warned that if the witness did not comply with his demands, he would kill her, too. He pointed the gun at the witness and pulled the trigger, but it was out of bullets. He also ordered her to clean up the crime scene. She complied, then drank some beer, took his gun, smoked marijuana, and used cocaine. She then changed clothes and called the police.

Over Wilson's objection, the trial court admitted photographs of the crime scene and the victim. On appeal, Wilson complains specifically about the pictures of the bloodied murder weapons, the bloody sidewalk, the television with blood and skin and brain matter on it, and a closeup of Edwards's face and chest. He contends that the witness had already described the scene sufficiently that the pictures were unnecessary and that their probative value was substantially outweighed by the danger of unfair prejudice.

We review a trial court's ruling on the admission of evidence under an abuse-of-discretion standard. *See Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010); *Hernandez v. State*, 390 S.W.3d 310, 323-24 (Tex. Crim. App. 2012). A punishment trial is the mechanism for the court or jury to assess the moral blameworthiness of a defendant. *Rodriguez v. State*, 203 S.W.3d 837, 842 (Tex. Crim. App. 2006). In a non-capital felony trial, evidence is admissible during the punishment phase if "the court deems [it] relevant to sentencing." *Hayden v. State*, 296 S.W.3d 549, 552 (Tex. Crim. App. 2009). "Probative value" refers to how much more or less probable a piece of evidence makes the existence of a consequential fact coupled with the proponent's need for that item of evidence. *Hernandez*, 390 S.W.3d at 323. Unlike the guilt phase, where the factfinder must decide discrete factual issues, deciding what punishment to impose is a

2

"normative process, not intrinsically factbound," so what is "relevant" to assessing punishment is "a function of policy rather than relevancy." *Id*. Evidence is relevant to punishment if it helps the factfinder decide what sentence is appropriate for a particular defendant given the facts of the case. *Id.* Evidence of the "circumstances of the offense" is admissible during the punishment phase. Tex. Code Crim. Proc. art. 37.07, § 3(a)(1). The circumstances of the offense include the extent of a victim's injuries "so long as a factfinder may rationally attribute moral culpability to the accused for that injury." *Miller-El v. State*, 782 S.W.2d 892, 896 (Tex. Crim. App. 1990).

Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice from its admission. *See* Tex. R. Evid. 403. A trial court doing a Rule 403 analysis must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006). These factors may blend in practice. *Id.* at 642. Unfair prejudice refers to the tendency for decisions to be made on an improper basis such as emotion. *Id.* at 323-24. The fact that the punishment phase was before the court and not a jury reduces the risk of unfair prejudice. *See Corley v. State*, 987 S.W.2d 615, 621 (Tex. App.—Austin 1999, no pet.).

The photographs showed the extent of the injuries Wilson inflicted on Edwards. They reinforced the testimony, but photographs can be a more objective sort of evidence than a layperson's account of her memory of a traumatic event that she experienced, especially such as here where the witness was under both duress and potentially the influence of mind-altering substances. The State did not need the photographs to prove the crime, but the court rationally decided that seeing the photographs would help it assess the proper punishment. The brutality of the assault is a suitable basis on which to gauge the "moral blameworthiness" of the defendant and the appropriate punishment. As such, the trial court's review of the photographs did not tend to cause the court to decide punishment on an improper basis. The reporter's record indicates that the presentation of the photographs did not take much time. We cannot say that the probative value of the evidence was substantially outweighed by the risk of unfair prejudice, nor can we say that the trial court abused its discretion by admitting the photographs of the crime scene at the punishment phase of a bench trial.

We affirm the judgment.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed:  November 18, 2015

Do Not Publish