IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-1878-05






ANTHONY GIGLIOBIANCO, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


BEXAR COUNTY






Holcomb, J., delivered the opinion of the unanimous Court.




 The question presented is whether the court of appeals erred in upholding the trial court's
ruling admitting certain breath test results in evidence. We hold that the court of appeals did not err.

The Relevant Facts (1) 


 On October 17, 2000, an assistant criminal district attorney of Bexar County filed an
information in the trial court charging appellant with driving while intoxicated. See Tex. Pen. Code
§ 49.04(a). The information charged appellant under both statutory definitions of "intoxicated," i.e.,
(1) not having the normal use of one's mental or physical faculties by reason of the introduction of
alcohol into one's body and (2) having an alcohol concentration of 0.08 or more in one's body. (2), (3) 
See Tex. Pen. Code § 49.01(2). 

 On September 16, 2002, the State brought appellant to trial before a petit jury on his plea of
not guilty. At the guilt stage of that trial, the State presented two witnesses and a videotape. (4) The
State's first witness, Officer Michael Heim of the San Antonio Police Department, testified as
follows: Around 9:45 p.m., on September 29, 2000, while he was patrolling on Loop 410 in San
Antonio, he observed appellant driving a motorcycle erratically and in excess of the posted speed
limit. He stopped appellant on an access road adjacent to the highway and observed that appellant
had bloodshot eyes, was unsteady on his feet, and had a strong odor of alcohol on his breath. He also
observed appellant perform poorly on three out of four field sobriety tests administered at the scene. 
Officer Heim transported appellant to a nearby police station, where, at around 11:00 p.m., he took
a breath test. The breath test indicated that appellant "was intoxicated." (5)

 In the course of Officer Heim's testimony, the trial court admitted in evidence, and allowed
the jury to view, a videotape of Officer Heim's stop of appellant. The videotape showed that (1)
appellant's driving at the time and place in question had been exactly as Officer Heim had described
it; (2) appellant, after he had been stopped, had appeared quite lucid but had admitted that he had
been drinking beer; and (3) appellant had had some difficulty performing some of the field sobriety
tests.

 The State's second witness, George McDougall, testified that (1) he was the Breath Test
Technical Supervisor for Bexar County and was responsible for maintaining the State's automated
breath test equipment in that county; (2) the automated breath test equipment used to measure
appellant's breath alcohol concentration had been working properly on the occasion in question; (3)
the term "breath alcohol concentration" refers to the number of grams of alcohol per 210 liters of
breath; (4) a breath test taken some time after a person has been driving can not, by itself, be used
to determine that person's breath alcohol concentration at the time he was driving; (5) appellant's
breath test had consisted of two samples of his breath, taken two minutes apart; and (6) the
automated breath test equipment had measured the breath alcohol concentration in the first sample
of appellant's breath at 0.09, and it had measured the breath alcohol concentration in the second
sample of appellant's breath at 0.092. (6)

 After hearing all the evidence, the jury found appellant guilty as charged in the information. 
The trial court later assessed appellant's punishment at incarceration for ninety days, probated for
six months, and a fine of $800.

 On direct appeal, appellant, citing Rule 403 of the Texas Rules of Evidence, argued that the
trial court had abused its discretion in admitting the results of his breath test. According to appellant,
the breath test results had been unfairly prejudicial, had confused the issues, and had misled the jury. 
In particular, appellant argued (1) "[t]he relevance of the . . . breath test results [had been] 
vanishingly low" because they had proved only that he had been drinking, a fact that, as the
videotape showed, he had admitted to Officer Heim; (2) the breath test results had posed a "high
potential for an irrational impression" on the minds of the jurors because "[t]he complex way in
which alcohol affects those who drink it is beyond the ken of most jurors"; (3) "the State [had]
devoted a large part of its case trying to convince the jury that [he had been] intoxicated because of
his breath test results"; and (4) "the State had [had] no need to use the [breath] test results to prove
that [he] had consumed alcohol" because that fact had been "both undisputed and amply shown by
other evidence."

 The court of appeals, relying principally upon our decision in State v. Mechler, 153 S.W.3d
435 (Tex.Crim.App. 2005), held that the trial court had not abused its discretion in admitting
appellant's breath test results, and affirmed the trial court's judgment of conviction. Gigliobianco
v. State, 179 S.W.3d 136, 140-141 (Tex.App.-San Antonio 2005). 

 Appellant later filed a petition for discretionary review, which we granted. See Tex. R. App.
Proc. 66.3(c). In his petition and brief in support thereof, appellant reiterates the arguments that he
made on direct appeal and complains further that, after our decision in Mechler, "it is all but
impossible to imagine a [driving-while-intoxicated] case in which Rule 403 could be used to exclude
. . . breath test results."

The Text and Meaning of Rule 403


 Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading
the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." As
one treatise explains:

 "Rule 403 recognizes that relevance alone does not ensure admissibility. A
cost/benefit analysis must often be employed. Relevant evidence may be excluded
if its probative value is not worth the problems that its admission may cause. The
issue is whether the search for truth will be helped or hindered by the interjection of
distracting, confusing, or emotionally charged evidence. In making this
determination, the [trial] court must assess the probative value of the proferred item
as well as the harmful consequences specified in Rule 403 that might flow from its
admission." J. McLaughlin, et al., Weinstein's Federal Evidence § 403.02[1][a] at
403-6 (2006 rev.) (discussing Rule 403 of the Federal Rules of Evidence). (7)


 Having explained in general terms the purpose and requirements of Rule 403, we turn next
to the specific meaning of the rule's key phrases. The rule's first key phrase, "probative value,"
means more than simply relevance. Old Chief v. United States, 519 U.S. 172, 184 (1997) (discussing
Federal Rule 403). Rather, "probative value" refers to the inherent probative force of an item of
evidence - that is, how strongly it serves to make more or less probable the existence of a fact of
consequence to the litigation - coupled with the proponent's need for that item of evidence. We
explained in Montgomery v. State, 810 S.W.2d 372, 390 (Tex.Crim.App. 1990) (op. on reh'g), that
"[w]hen the proponent [of an item of evidence] has other compelling or undisputed evidence to
establish the proposition or fact that the [item of evidence] goes to prove, the [probative value of the
item of evidence] will weigh far less than it otherwise might in the probative-versus-prejudicial
balance."

 The rule's second key phrase, "unfair prejudice," refers to a tendency to suggest decision on
an improper basis, commonly, though not necessarily, an emotional one. State v. Mechler, 153
S.W.3d at 440; Rogers v. State, 991 S.W.2d 263, 266 (Tex.Crim.App. 1999); Montgomery v. State,
810 S.W.2d at 389. Evidence might be unfairly prejudicial if, for example, it arouses the jury's
hostility or sympathy for one side without regard to the logical probative force of the evidence. K.
Broun, et al., McCormick on Evidence § 185 at 737 (6th ed. 2006). 

 The rule's third key phrase, "confusion of the issues," refers to a tendency to confuse or
distract the jury from the main issues in the case. S. Goode, et al., Texas Practice: Guide to the
Texas Rules of Evidence § 403.2 at 165 (3rd ed. 2002). Evidence that consumes an inordinate
amount of time to present or answer, for example, might tend to confuse or distract the jury from the
main issues.

 The rule's fourth key phrase, "misleading the jury," refers to a tendency of an item of
evidence to be given undue weight by the jury on other than emotional grounds. Id. at 164. For
example, "scientific" evidence might mislead a jury that is not properly equipped to judge the
probative force of the evidence. K. Broun, et al., McCormick on Evidence § 185 at 738.

 Finally, the rule's fifth and sixth key phrases, "undue delay" and "needless presentation of
cumulative evidence," are, we think, self-explanatory and concern the efficiency of the trial
proceeding rather than the threat of an inaccurate decision. S. Goode, et al., Texas Practice: Guide
to the Texas Rules of Evidence § 403.2 at 166-167. 

 In summary, a trial court, when undertaking a Rule 403 analysis, must balance (1) the
inherent probative force of the proffered item of evidence along with (2) the proponent's need for
that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4)
any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency
of the evidence to be given undue weight by a jury that has not been equipped to evaluate the
probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume
an inordinate amount of time or merely repeat evidence already admitted. (8) Of course, these factors
may well blend together in practice.

The Trial Court's Rule 403 Balancing in this Case


 Probative Value. The trial court in this case could have reasonably concluded that the
inherent probative force of appellant's breath test results was considerable, since those test results
showed that appellant had consumed, in the hours preceding the breath test, a substantial amount of
alcohol - enough alcohol to raise his breath alcohol concentration to 0.09. This evidence tended to
make more probable appellant's intoxication at the time he was driving, under either statutory
definition of intoxication. State v. Mechler, 153 S.W.3d at 440.

 The trial court also could have reasonably concluded that the State's need for the breath test
results was considerable, since the State's videotape - which showed appellant as quite lucid -
tended to contradict, to some extent, Officer Heim's testimony concerning appellant's appearance
and behavior.

 Unfair Prejudice. The trial court could have reasonably concluded that the breath test results
did not have a tendency to suggest decision on an improper basis. The test results were not
inflammatory in any sense, and they "relate[d] directly to the charged offense." Id. at 440-441.

 Confusion of the Issues. The trial court could have reasonably concluded that the breath test
results did not have a tendency to confuse or distract the jury from the main issues in the case. It is
true, of course, that presentation of the breath test results consumed a fair amount of time at trial. 
However, "[b]ecause the [breath test] results relate[d] directly to the charged offense, [the] jury could
not [have been] distracted away from the charged offense regardless of the time required to present
the results." Id. at 441.

 Misleading the Jury. The trial court could have reasonably concluded that the breath test
results did not have any tendency to be given undue weight by the jury. Since McDougall testified
that the breath test results could not be used to determine what appellant's breath alcohol
concentration was at the time he was stopped, the trial court could have reasonably concluded that
the jury was equipped to evaluate the probative force of the breath test results.

 Undue Delay and Needless Presentation of Cumulative Evidence. Finally, the trial court
could have reasonably concluded that it was unlikely that presentation of the breath test results would
consume an inordinate amount of time or merely repeat evidence already admitted.

Conclusion


 The trial court, after balancing the various Rule 403 factors, could have reasonably concluded
that the probative value of appellant's breath test results was not substantially outweighed by the
countervailing factors specified in the rule. Therefore, we discern no abuse of discretion on the part
of the trial court and no error on the part of the court of appeals.

 By our decision today, we do not mean to say that breath test results will always be
admissible in the face of a Rule 403 challenge. Our decision is and must be limited to the facts of
this particular case. It may be that, in an appropriate case, a trial court could reasonably conclude
that the probative value of breath test results is substantially outweighed by the danger of unfair
prejudice, confusion of the issues, or misleading the jury. If, for example, a jury is not given
adequate information with which to evaluate the probative force of breath test results, it might be
that a trial court could reasonably conclude that the admission of such evidence would pose a danger
of misleading the jury. Similarly, if a breath test was administered to an accused several hours after
he was stopped and the results were at or below the legal limit, it might be that a trial court could
reasonably conclude that the probative force of the test results was too weak to warrant admission
in the face of a Rule 403 challenge. See id. at 442 (Cochran, J., concurring).

 We affirm the judgment of the court of appeals.


DELIVERED DECEMBER 20, 2006

PUBLISH
1. This case has a complicated procedural history, the details of which may be found in
the court of appeals' opinion. See Gigliobianco v. State, 179 S.W.3d 136, 139-140 (Tex.App.-
San Antonio 2005).
2. Texas Penal Code § 49.01(1) defines "alcohol concentration," in relevant part, as the
number of grams of alcohol per 210 liters of breath.
3. The jury charge allowed the jury to find appellant guilty under either definition.
4. Appellant's defensive evidence is not relevant to our discussion today.
5. This last portion of Officer Heim's testimony was admitted over appellant's objection
that it was inadmissible under Rule 403 of the Texas Rules of Evidence.
6. Again, this last portion of McDougall's testimony was admitted over appellant's
objection that it was inadmissible under Rule 403.
7. Rule 403 of the Federal Rules of Evidence is essentially identical to our state Rule 403.
8. In some of our precedents, we stated that a proper Rule 403 analysis included, but was
not limited to, four factors:(1) the probative value of the evidence, (2) the potential of the
evidence to impress the jury in some irrational yet indelible way, (3) the time needed to develop
the evidence, and (4) the proponent's need for the evidence. See, e.g., State v. Mechler, 153
S.W.3d 435, 440 (Tex.Crim.App. 2005). By our decision today, we do no more than refine and
build upon our previous analysis, and bring it in line with the plain text of Rule 403.