

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-07-112-CR**
**NO. 2-07-113-CR**
**NO. 2-07-114-CR**
**NO. 2-07-115-CR**
**NO. 2-07-116-CR**

GEORGE DANIEL SMITH, JR.                    APPELLANT

V.

THE STATE OF TEXAS                    STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant George Daniel Smith, Jr. pleaded guilty to three offenses of

aggravated robbery with a deadly weapon and two offenses of robbery causing

bodily injury. A jury assessed his punishment at ninety-nine years' confinement

for each offense. In a single point, Appellant argues that the trial court erred

---

[1] *See* TEX. R. APP. P. 47.4.

when it allowed a State's witness to testify that she was concerned about her future safety. We affirm.

Appellant robbed five different individuals on October 4 and 5, 2006. Beverly Shuffield was one of his victims. She testified that she was returning to work in mid-afternoon on October 4 when Appellant approached her in a parking lot and said he was looking for his wife. As Shuffield offered assistance, Appellant pulled something out of his pocket which was wrapped in a bandana and could have been a weapon, and instructed Shuffield to give him her purse. Shuffield screamed for help and refused to hand over her purse. Appellant went to his car and sped away.

The following exchange occurred at punishment:

[Prosecutor]: Okay. And did you also express a concern to me this morning about your future safety with regard to this Defendant?

[Defense counsel]: Your - -

[Shuffield]: Yes.

[Defense counsel]: Excuse me, Your Honor. I'm simply going to have to object to that as being - - excuse me ma'am - - as being entirely speculative and certainly more prejudicial than probative. I - - unless there's something I don't know about. I'm sure there's been no threats after this, ma'am.

The Court: That's overruled.

[Prosecutor]: Okay. You can go ahead and answer the question.

2

[Shuffield]: I don't know what information is available to him about me. I don't know who he has around here that someone might follow me to my car, follow me to my home. I don't know if he has my home information. There's - - my father - - all of my family is in law enforcement, and my father, as a retired police officer, was very concerned about me coming here today.

Appellant argues that the trial court reversibly erred and abused its discretion by allowing Shuffield to testify during punishment that she was concerned about her future safety because this evidence was irrelevant and more prejudicial than probative.[2]

We will not disturb a trial court's evidentiary ruling absent an abuse of discretion.[3] As long as the trial court's ruling is within the zone of reasonable disagreement and is correct under any theory of law applicable to the case, it must be upheld.[4]

We first observe that Appellant did not lodge an objection that the complained of testimony was irrelevant; he objected only that the testimony was speculative and more prejudicial than probative. Consequently, he failed to preserve his relevancy complaint for appellate review.[5]

---

[2] *See* TEX. R. EVID. 401, 403.

[3] *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007).

[4] *Id*.

[5] *See* TEX. R. APP. P. 33.1(a)(1) (requiring that to preserve a complaint for appellate review, a party must have presented to the trial court a timely

3

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.[6] Once appellant makes a rule 403 objection, the trial court must weigh the probativeness of the evidence to determine if it is substantially outweighed by its potential for unfair prejudice.[7] A rule 403 balancing test includes the following factors: (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the

---

request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion); *see also* TEX. R. EVID. 103(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999).

[6] TEX. R. EVID. 403.

[7] *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997).

evidence will consume an inordinate amount of time or merely repeat evidence already admitted.[8]

The rules of evidence favor the admission of relevant evidence and carry a presumption that relevant evidence is more probative than prejudicial.[9] When determining whether evidence is admissible under rule 403, we do not consider just whether the evidence is more prejudicial than probative, we consider whether the probative value is *substantially* outweighed by the danger of unfair prejudice.[10]

The first two State's witnesses to testify were Kory Dyson and Haggard Rhodes, Jr., two other victims robbed by Appellant on October 4. During the cross-examination of Dyson, defense counsel questioned whether Dyson's encounter with Appellant was brief, whether Appellant had struck him, and whether Appellant had told Dyson that he was not going to hurt him. Dyson answered that the encounter was brief, that Appellant did not strike him, and that Appellant said he was not going to hurt him. During the cross-examination

---

[8] *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 & n.8 (Tex. Crim. App. 2006).

[9] *Jones v. State*, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 832 (1997).

[10] *Garcia v. State*, 201 S.W.3d 695, 704 (Tex. Crim. App. 2006), *cert. denied*, 127 S. Ct. 1289 (2007).

of Rhodes, defense counsel questioned whether it was possible that Appellant did not actually intend to knock Rhodes down to the ground or step on his arm during the robbery, and Rhodes tentatively agreed. Defense counsel also asked whether Appellant had told Rhodes that he was sorry; Rhodes said Appellant did not. Shuffield testified immediately after Dyson and Rhodes.

The probative value of the question inquiring into whether Shuffield had any concerns about her future safety was considerable in light of the testimony that defense counsel had just elicited from Dyson and Rhodes attempting to portray their encounters with Appellant as brief and nonviolent. Indeed, Appellant had pleaded guilty to five robbery offenses, three of which were aggravated robberies with deadly weapons. Shuffield's fear of Appellant, resulting from her encounter with him, tended to make more probable the fact that the robberies were violent, more than just a mere inconvenience, and deserving of a lengthy sentence.[11] Weighing the probative value of Shuffield's testimony with the other rule 403 factors, the trial court could have reasonably concluded that Shuffield's testimony did not have a tendency to suggest decision on an improper basis, to confuse or distract the jury, or to be given

---

[11] *See Gigliobianco*, 210 S.W.3d at 642 (reasoning that "probative value" means more than relevance; it refers to the inherent probative force of an item of evidence—that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation).

undue weight by the jury.  Consequently, the trial court could have reasonably concluded that the probative value of Shuffield's testimony was not substantially outweighed by the danger of unfair prejudice.[12]  We hold that the trial court did not abuse its discretion by allowing Shuffield to testify that she was concerned about her future safety.  Accordingly, we overrule Appellant's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL F:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  March 20, 2008

---

[12] *See* TEX. R. EVID. 403.

7