COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-07-112-CR

                                        NO.
2-07-113-CR

                                        NO.
2-07-114-CR

                                        NO.
2-07-115-CR

                                        NO.
2-07-116-CR

 

GEORGE DANIEL SMITH, JR.                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant George Daniel
Smith, Jr. pleaded guilty to three offenses of aggravated robbery with a deadly
weapon and two offenses of robbery causing bodily injury.  A jury assessed his punishment at ninety-nine
years= confinement for each offense. 
In a single point, Appellant argues that the trial court erred when it
allowed a State=s witness to
testify that she was concerned about her future safety.  We affirm.

Appellant robbed five
different individuals on October 4 and 5, 2006. Beverly Shuffield was one of
his victims.  She testified that she was
returning to work in mid-afternoon on October 4 when Appellant approached her
in a parking lot and said he was looking for his wife.  As Shuffield offered assistance, Appellant
pulled something out of his pocket which was wrapped in a bandana and could
have been a weapon, and instructed Shuffield to give him her purse.  Shuffield screamed for help and refused to
hand over her purse. Appellant went to his car and sped away.  

The following exchange
occurred at punishment:

[Prosecutor]:
Okay.  And did you also express a concern
to me this morning about your future safety with regard to this Defendant?

 

[Defense
counsel]: Your - -

 

[Shuffield]:
Yes.

 

[Defense
counsel]: Excuse me, Your Honor.  I=m
simply going to have to object to that as being - - excuse me ma=am -
- as being entirely speculative and certainly more prejudicial than
probative.  I - - unless there=s
something I don=t
know about.  I=m
sure there=s
been no threats after this, ma=am.

 

The
Court: That=s
overruled.

 

[Prosecutor]:
Okay.  You can go ahead and answer the
question.

 








[Shuffield]:
I don=t
know what information is available to him about me.  I don=t know who he has around here
that someone might follow me to my car, follow me to my home.  I don=t know if he has my home
information.  There=s - -
my father - - all of my family is in law enforcement, and my father, as a
retired police officer, was very concerned about me coming here today.

 

Appellant argues that the
trial court reversibly erred and abused its discretion by allowing Shuffield to
testify during punishment that she was concerned about her future safety
because this evidence was irrelevant and more prejudicial than probative.[2]

We will not disturb a trial
court=s evidentiary ruling absent an abuse of discretion.[3]  As long as the trial court=s ruling is within the zone of reasonable disagreement and is correct
under any theory of law applicable to the case, it must be upheld.[4]

We first observe that
Appellant did not lodge an objection that the complained of testimony was irrelevant;
he objected only that the testimony was speculative and more prejudicial than
probative.  Consequently, he failed to
preserve his relevancy complaint for appellate review.[5]








Although relevant, evidence
may be excluded if its probative value is substantially outweighed by the
danger of unfair prejudice, confusion of the issues, or misleading the jury, or
by considerations of undue delay, or needless presentation of cumulative
evidence.[6]  Once appellant makes a rule 403 objection,
the trial court must weigh the probativeness of the evidence to determine if it
is substantially outweighed by its potential for unfair prejudice.[7]  A rule 403 balancing test includes the
following factors:  (1) the inherent
probative force of the proffered item of evidence along with (2) the proponent=s need for that evidence against (3) any tendency of the evidence to
suggest decision on an improper basis, (4) any tendency of the evidence to
confuse or distract the jury from the main issues, (5) any tendency of the
evidence to be given undue weight by a jury that has not been equipped to
evaluate the probative force of the evidence, and (6) the likelihood that
presentation of the








evidence will consume an inordinate amount of
time or merely repeat evidence already admitted.[8]

The rules of evidence favor
the admission of relevant evidence and carry a presumption that relevant
evidence is more probative than prejudicial.[9]  When determining whether evidence is
admissible under rule 403, we do not consider just whether the evidence is more
prejudicial than probative, we consider whether the probative value is substantially
outweighed by the danger of unfair prejudice.[10]








The first two State=s witnesses to testify were Kory Dyson and Haggard Rhodes, Jr., two other
victims robbed by Appellant on October 4. 
During the cross-examination of Dyson, defense counsel questioned
whether Dyson=s encounter
with Appellant was brief, whether Appellant had struck him, and whether
Appellant had told Dyson that he was not going to hurt him.  Dyson answered that the encounter was brief,
that Appellant did not strike him, and that Appellant said he was not going to
hurt him.  During the cross-examination
of Rhodes, defense counsel questioned whether it was possible that Appellant
did not actually intend to knock Rhodes down to the ground or step on his arm
during the robbery, and Rhodes tentatively agreed.  Defense counsel also asked whether Appellant
had told Rhodes that he was sorry; Rhodes said Appellant did not.  Shuffield testified immediately after Dyson
and Rhodes.








The probative value of the
question inquiring into whether Shuffield had any concerns about her future
safety was considerable in light of the testimony that defense counsel had just
elicited from Dyson and Rhodes attempting to portray their encounters with
Appellant as brief and nonviolent. 
Indeed, Appellant had pleaded guilty to five robbery offenses, three of
which were aggravated robberies with deadly weapons.  Shuffield=s fear of Appellant, resulting from her encounter with him, tended to
make more probable the fact that the robberies were violent, more than just a
mere inconvenience, and deserving of a lengthy sentence.[11]  Weighing the probative value of Shuffield=s testimony with the other rule 403 factors, the trial court could
have reasonably concluded that Shuffield=s testimony did not have a tendency to suggest decision on an improper
basis, to confuse or distract the jury, or to be given undue weight by the
jury.  Consequently, the trial court
could have reasonably concluded that the probative value of Shuffield=s testimony was not substantially outweighed by the danger of unfair
prejudice.[12]  We hold that the trial court did not abuse
its discretion by allowing Shuffield to testify that she was concerned about
her future safety.  Accordingly, we
overrule Appellant=s sole point
and affirm the trial court=s judgment. 

 

PER CURIAM

 

PANEL
F:  CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.

 

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 20, 2008                                       











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. Evid. 401, 403.





[3]Winegarner
v. State, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007).





[4]Id.





[5]See Tex. R. App. P. 33.1(a)(1) (requiring that to
preserve a complaint for appellate review, a party must have presented to the
trial court a timely request, objection, or motion that states the specific
grounds for the desired ruling if they are not apparent from the context of the
request, objection, or motion); see also Tex. R. Evid. 103(a)(1); Mosley v. State, 983 S.W.2d
249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999).  





[6]Tex. R. Evid. 403.





[7]Santellan
v. State, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997).





[8]Gigliobianco
v. State, 210 S.W.3d 637, 641B42
& n.8 (Tex. Crim. App. 2006).





[9]Jones
v. State, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996), cert.
denied, 522 U.S. 832 (1997).





[10]Garcia
v. State, 201 S.W.3d 695, 704 (Tex. Crim. App. 2006), cert.
denied, 127 S. Ct. 1289 (2007).





[11]See
Gigliobianco, 210 S.W.3d at 642 (reasoning that Aprobative
value@
means more than relevance; it refers to the inherent probative force of an item
of evidenceCthat
is, how strongly it serves to make more or less probable the existence of a
fact of consequence to the litigation). 





[12]See Tex. R. Evid. 403.