# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
STEFANY MILEY, DISTRICT JUDGE,
Respondents,
   and
MARK S. OBERMEYER,
Real Party in Interest.

No. 81158

**FILED**

FEB 0 5 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER GRANTING PETITION*

After admittedly drinking "several beers," real party in interest Mark S. Obermeyer drove an all-terrain vehicle on the highway, where he struck and killed a bicyclist. The State charged Obermeyer with driving under the influence (DUI) resulting in death pursuant to NRS 484C.430(1)(a) (requiring the State to establish the defendant's impairment at the time of driving), and NRS 484C.430(1)(b) (requiring the State to establish that the defendant "[h]as a concentration of alcohol of 0.08 or more in his or her blood or breath" at the time of the accident). The State filed a motion in limine seeking to introduce evidence at trial of two separate measures of Obermeyer's blood alcohol content (BAC), each taken more than two hours after the accident.[1] Though the State did not bring charges under NRS 484C.430(1)(c) (requiring the State to establish that the defendant "[i]s found by measurement within 2 hours after driving or being

---

[1]Such results are sometimes called "delayed BAC" results. *See, e.g., State v. Baldwin*, 30 P.3d 394, 398 (N.M. Ct. App. 2001).

in actual physical control of a vehicle to have a concentration of alcohol of 0.08 or more in his or her blood or breath"), the district court ruled that the results were inadmissible under that section and thus categorically inadmissible at trial.[2]

The State brings the dispute to this court on a petition for a writ of mandamus. Because the State has no other remedy at law, writ relief is appropriate here. *See* NRS 177.015(3) ("The defendant only may appeal from a final judgment or verdict in a criminal case."); *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 780 (2011). And, "[i]n the context of mandamus, this court considers whether the district court's evidentiary ruling was a manifest abuse or arbitrary or capricious exercise of its discretion." *Armstrong*, 127 Nev. at 931, 267 P.3d at 780; NRS 34.160. Here, as Obermeyer correctly conceded at oral argument, we must issue the State's requested relief because the district court's only given reason for excluding the BAC results was manifestly incorrect—the State did not charge Obermeyer under NRS 484C.430(1)(c), which is one of several alternative methods by which the State can establish the first element of a NRS 484C.430 charge, and it is not a bright-line evidentiary rule excluding BAC results taken outside of a two-hour window in every NRS 484C.430 prosecution. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 116 (2012) (noting that where a list is joined by "or," only one is required).

Instead, the district court should have weighed the probative value of these BAC results—whether or not the State presented them with

_____

[2]The district court purported to base its decision on NRS 484C.130, which denominates as "vehicular homicide" a fourth DUI offense, where the offense results in the death of a victim, but this appears to have been a clerical error. The outcome we reach here would be the same in any case.

accompanying retrograde extrapolation analysis evidence estimating Obermeyer's BAC at the time of the accident—against their potential to create undue prejudice in resolving the charges the State did bring against Obermeyer under subparagraphs (1)(a) and (1)(b) of NRS 484C.430. *See* NRS 48.035(1) (providing that "evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues or of misleading the jury"); *Armstrong*, 127 Nev. at 931, 937 & n.5, 267 P.3d at 780, 783 & n.5 (deciding question with regard to the "blood alcohol level in [that] case" and based on the court's analysis of the evidence under NRS 48.035(1)); *Sereika v. State*, 114 Nev. 142, 152, 955 P.2d 175, 181 (1998) (Rose, J., concurring) (stating "that the inability of the state to 'relate back' [delayed BAC results] was a question of credibility or the weight of the evidence"); *see also Gigliobianco v. State*, 179 S.W.3d 136, 140-41 (Tex. Ct. App. 2005) (balancing probative value of delayed BAC results against the risk of unfair prejudice), *aff'd*, 210 S.W.3d 637 (Tex. Crim. App. 2006); *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005) (accord); Jim Frasier, Annotation, *Admissibility and Sufficiency of Extrapolation Evidence in DUI Prosecutions*, 119 A.L.R. 5th 379 (2004) (stating that "a majority of jurisdictions do not require the prosecution to extrapolate [BAC] test results back to the time of driving to gain a DUI conviction" and collecting cases).

The aforementioned authority was not properly presented by the parties in the court below, and the district court erroneously ruled that the delayed BAC results were categorically inadmissible. Thus, we grant this petition for a writ of mandamus, vacate the district court order denying the State's motion in limine, and instruct the district court to appropriately consider the probative value and potential prejudicial effect of the evidence in the first instance to the charges the State has brought under NRS

484C.430(1)(a) and (b). Accordingly, we grant the petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order denying the State's motion in limine, and appropriately consider the probative value and potential unfairly prejudicial effect of the evidence in the first instance to the charges the State has brought under NRS 484C.430(1)(a) and (b).

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc: Chief Judge, Eighth Judicial District Court
Eighth Judicial District Court, Dept. 23
Attorney General/Carson City
Clark County District Attorney
Goodman Law Group
Palazzo Law Firm
Eighth District Court Clerk