

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00244-CR

---

NATHAN LEIGH WILLIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 081241-E-CR, Honorable Abe Lopez, Presiding by Assignment

---

April 22, 2024

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Nathan Leigh Willis, was convicted of two counts of aggravated sexual assault of a child[1] and one count of indecency with a child by contact.[2] In this appeal, he contends that the trial court erred in admitting a videotaped interview of the victim. We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B), (e).

[2] *See* TEX. PENAL CODE ANN. § 21.11(a),(d).

**BACKGROUND**

Appellant was charged with committing sexual offenses against A.H., the daughter of his girlfriend, when A.H. was between the ages of eight and nine.[3]   At trial, the State called seven witnesses, including A.H., who was then fourteen; a forensic interviewer from The Bridge, a child advocacy center; and A.H.'s counselor, all of whom testified regarding Appellant's acts against A.H.   After hearing testimony from the forensic interviewer, the State sought to play the video recording of her interview of A.H., which was taken after A.H.'s outcry.   Before the video was admitted, the trial court heard arguments regarding its admissibility.   The State argued that the entire video should be admitted under Rule 404(b)(2) to show Appellant's motive and intent.   Appellant's counsel disagreed that the evidence showed motive and further argued that it should be excluded under Rule 403 as more unfairly prejudicial than probative.   He also asserted that publishing the video would be cumulative because the jury had already heard from the outcry witness and would hear from A.H. herself.   The trial court admitted the video into evidence and it was played for the jury.

**ANALYSIS**

Appellant does not challenge the sufficiency of the evidence supporting his conviction.  In his sole appellate issue, he contends that the trial court erred by "overruling [his] extraneous offense and TEX. R. EVID. 403 objection to the introduction of a [B]ridge

---

[3] We use initials to protect the complainant's privacy.  *See* TEX. CONST. art. I, § 30(a)(1).

interview." We review a trial court's evidentiary rulings for abuse of discretion. *Inthalangsy v. State*, 634 S.W.3d 749, 754 (Tex. Crim. App. 2021).

As Appellant recites in his brief, at trial he objected that the Bridge interview was cumulative and should be excluded under Texas Rule of Evidence 403. Appellant has not directed the Court to any part of the record where he objected to the video on the basis that it presented inadmissible evidence of an extraneous offense under Rule 404(b). *See* TEX. R. EVID. 404(b) (prohibiting evidence of extraneous crimes, wrongs, or other acts to prove character to show action in conformity therewith).[4]

To preserve error for appeal, a party must make a timely objection that states the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a)(1)(A). An argument on appeal must comport with the objection raised at trial. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). An objection based on Rule 403 does not preserve a complaint under Rule 404(b). *See, e.g., Parmer v. State*, 38 S.W.3d 661, 668 (Tex. App.—Austin 2000, pet. ref'd) (complaint regarding admission of evidence under Rule 404(b) not preserved where no 404(b) objection made at trial); *Ross v. State*, No. 06-18-00174-CR, 2019 Tex. App. LEXIS 4404, at *9 (Tex. App.—Texarkana May 30, 2019, pet. ref'd) (mem. op., not designated for publication) (appellant failed to preserve Rule 404(b) issue for appeal because he only raised Rule 403 argument at trial); *Peinado v. State*, Nos. 05-14-00418-CR, 05-14-00419-CR, 2015 Tex. App. LEXIS 8658, at *54

---

[4] Appellant's brief does not reveal what the complained-of extraneous offense was or at what point in the hour-long video it was discussed.

3

(Tex. App.—Dallas Aug. 18, 2015, no pet.) (mem. op., not designated for publication) (same). Accordingly, because we find no indication that Appellant raised a Rule 404(b) objection at trial, we overrule Appellant's complaint that admission of the extraneous offense evidence violated Rule 404(b). *See Castillo v. State*, 810 S.W.2d 180, 182 n.1 (Tex. Crim. App. 1990) (refusing to address argument where defendant failed to identify part of record where issue was preserved).

We next consider Appellant's complaint that the trial court erred by overruling his objection based on Rule 403. Appellant objected to the video as generally violating Rule 403 and specifically as being cumulative, as he argued against "having this story repeated for a third time to the Jury . . . ." Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. Once a defendant objects to video evidence based on cumulativeness, the trial court must balance the probativeness of the evidence against any tendency the evidence has to prolong the trial to the defendant's detriment. *See Ladd v. State*, 3 S.W.3d 547, 569 (Tex. Crim. App. 1999). The concern for needless presentation of cumulative evidence and undue delay involves the efficiency of the judicial process rather than the threat of inaccurate decisions. *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006).

In the video Appellant challenges here, A.H. discussed the sexual acts Appellant engaged in with her, including showing her pornography, telling her to touch herself sexually, exposing himself to her, making her touch his penis, penetrating her "middle part" with his finger, and licking her "middle part." Those statements by A.H. were

4

cumulative of the trial testimony that had been presented by the forensic interviewer and that was subsequently presented in A.H.'s live testimony without objection. [5]

Even if we assume that the trial court erred in admitting the video, we conclude that any such error was harmless. Because no constitutional error is involved when evidence is admitted under Rule 403, we analyze the admission of evidence under a Rule 44.2(b) harm analysis. TEX. R. APP. P. 44.2(b); *see Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998) (applying non-constitutional harm analysis).

Here, Appellant asserts that he was harmed because the evidence was cumulative, the State offered no legitimate purpose for its admission, and Appellant was deprived of an opportunity to request a limiting instruction. We find these arguments unpersuasive. First, any error in admitting evidence is cured if the same evidence is admitted elsewhere without objection. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *see also Land v. State*, 291 S.W.3d 23, 29 (Tex. App.—Texarkana 2009, pet. ref'd) ("In situations where a video recording is improperly admitted, yet the recording is cumulative of the victim's properly admitted live testimony on the same issue, courts often disregard the error . . . ."). This rule applies regardless of whether the evidence was received before or after the challenged ruling. *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (en banc). Thus, the cumulative nature of the evidence works against a finding of harm. Second, the State maintained that the video evidence showed

---

[5] The interview also included brief statements by A.H. that Appellant told A.H. that he touched his stepdaughter, who was thirteen or fourteen years old, but that he did not continue to touch her after she lost her virginity. The State asserts, and our review of the record likewise indicates, that A.H.'s videotaped statements regarding Appellant's sexual contact with his stepdaughter constitute the only extraneous offense evidence that was not also conveyed by a live witness.

Appellant's pattern of grooming A.H. for sexual abuse and was also admissible to demonstrate A.H.'s consistency, which had been questioned by the defense. Finally, Appellant has not explained, nor does the record reflect, how he was denied an opportunity to request a limiting instruction.

Having reviewed the record, we conclude that, even if the trial court erred in admitting the video, Appellant was not harmed.

## CONCLUSION

Having resolved Appellant's points against him, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

Doss, J., concurs in the result.