

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00162-CR

_____

LARRY JOE HOLLOWAY JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1826528

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

## I. Introduction

Appellant Larry Joe Holloway Jr. pled not guilty to indecency with a child by exposure, a third-degree felony. *See* Tex. Penal Code Ann. § 21.11(a)(2)(A), (d). After a jury found him guilty, the trial court assessed his punishment at 6 years' confinement and a $100 fine. *See id.* § 12.34 (stating third-degree felony punishment range is 2–10 years' confinement and up to a $10,000 fine); *see also* Tex. Code Crim. Proc. Ann. art. 102.0186(a) (stating a person convicted of an offense under Section 21.11 shall pay a $100 fine upon conviction).

In a single point, Holloway complains that the trial court abused its discretion by overruling his Rule 403 objections. Because there was no abuse of discretion, we overrule his sole point and affirm the trial court's judgment.

## II. Discussion

Holloway complains that the trial court erred by overruling his Rule 403 objections "to evidence showing that he had intentionally exposed his sexual organ to a seven-year-old girl," identifying as substantially more prejudicial than probative the child's photo and testimony by her mother, A.P.,[1] about their encounters.

---

[1]To protect the juveniles' privacy, we use initials to identify their mothers. *See* Tex. R. App. P. 9.8 cmt., 9.10(a)(3).

## A. Standard of review and applicable law

We review a trial court's evidentiary decisions for an abuse of discretion. *See Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court does not abuse its discretion unless its decision lies outside the zone of reasonable disagreement. *Id.*

Under Rule 403, the trial court may exclude relevant evidence[2] if its probative value "is *substantially* outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Tex. R. Evid. 403 (emphasis added). Rule 403 favors the admission of relevant evidence over its exclusion, *Hall*, 663 S.W.3d at 34, so evidence should only be excluded when a clear disparity exists between its probative value and its unfair prejudice, *Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010). The "unfair prejudice" question asks whether the evidence tends to suggest a decision on an improper, usually emotional, basis. *Hart v. State*, 688 S.W.3d 883, 894 (Tex. Crim. App. 2024).

A trial court, when undertaking a Rule 403 analysis, must balance (1) the inherent probative force of the proffered item of evidence along with (2) the

---

[2]Relevant evidence is that which has any tendency to make the existence of any fact of consequence more or less probable than it would be without the evidence. *Martinez*, 327 S.W.3d at 736–37 (citing Tex. R. Evid. 401). Evidence does not need to prove or disprove a particular fact by itself to be relevant under Rule 401; it is sufficient if the evidence provides even a small nudge toward proving or disproving a fact of consequence. *Hall v. State*, 663 S.W.3d 15, 31 (Tex. Crim. App. 2021).

proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

As pertinent here, a photo is generally admissible "if verbal testimony as to matters depicted in the photograph[] is also admissible." *Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007) (listing factors that a court may consider in determining whether a photo's probative value is substantially outweighed by the danger of unfair prejudice as its gruesomeness, detail, size, whether in black-and-white or color, whether it is a close-up, and whether the body depicted is naked or clothed).

**B. Background**[3]

Outside the jury's presence, A.P. testified about her four encounters involving Holloway in February 2024. In the first encounter, A.P. was alone in her vehicle, backing it up into her driveway, and Holloway was on the sidewalk nearby when he made eye contact with her and walked toward her with his penis exposed. She drove away, and when driving back, she saw him on another street, and he exposed himself

---

[3]Because Holloway does not challenge the evidentiary sufficiency to support his conviction, we recount only the facts necessary for disposition of his sole point.

again. In the second encounter, later that week, A.P. was in her vehicle and saw Holloway walking up and down her street.

Three or four days later, in the third encounter, A.P. was driving the complainant to school when Holloway exposed himself to them—this was the charged offense, which alleged that, on or about February 16, 2024, Holloway had intentionally exposed his genitals with the intent to arouse or gratify the sexual desire of any person and knowing a child younger than age 17 was present. In the fourth encounter, Holloway came onto A.P.'s property and tried to open her home's front door, but he did not expose himself.

Holloway argued that the non-exposure encounters were inadmissible under Rule 403. Holloway also raised Rule 404(b) objections,[4] and the prosecutor argued that the second and fourth encounters provided context and that during voir dire[5] and in opening,[6] Holloway had raised lack of intent to arouse or gratify. *See Johnston v. State*,

---

[4]Holloway does not expressly make any Rule 404(b) arguments on appeal, merely stating that "even if the extraneous-offense evidence is admissible under Rule 404(b), Rule 403 precludes its admission." Under Rule 404(b), evidence of a crime, wrong, or other act is not admissible to prove the defendant's conformity with character but "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Tex. R. Evid. 404(b).

[5]During voir dire, Holloway's counsel asked if the panel could think of reasons a person might expose his genitals, and a potential juror mentioned unintentional viewings, including public urination.

[6]During Holloway's opening statement, his counsel stated, "I know you are going to have issues with intent to arouse or gratify . . . ."

145 S.W.3d 215, 219 (Tex. Crim. App. 2004) (explaining that extraneous-offense evidence may be admissible when a defendant raises an affirmative defense or a defensive issue that negates one of the crime's elements or when the evidence is same-transaction contextual evidence).

The trial court ruled that the prosecutor could ask A.P. about the first and fourth encounters because of the intent element, *see id.*, overruled the Rule 403 objections, and expressly found that the first and fourth encounters' probative value outweighed any prejudicial effect. Holloway did not request a limiting instruction. *Cf.* Tex. R. Evid. 105(a) (providing that if the trial court admits evidence that is admissible for one purpose but not for another, the trial court, on request, must restrict the evidence to its proper scope and instruct the jury accordingly); *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007) ("[A] limiting instruction concerning the use of extraneous offense evidence should be requested, and given, in the guilt-stage jury charge only if the defendant requested a limiting instruction at the time the evidence was first admitted.").

Before the jury, A.P. testified that at the time of the February 2024 offense, her children were ages 2, 7, and 12. As set out above, she described her first encounter with Holloway and then testified that three days later, at around 7:40 a.m., when she was taking her seven year old—the complainant—to school, Holloway approached their vehicle and exposed his penis to them. The trial court admitted without objection a photo of a vehicle of the same make and model as A.P.'s vehicle. A.P.

6

then testified that when she drove past Holloway, he was close enough to her vehicle that she thought her mirror "might nip him." The complainant had been in a booster in the vehicle's back seat on the driver's side. Despite Holloway's counsel's Rule 403 argument that the State was "merely trying to enflame the passions of the jury by entering a picture of a young child," the trial court then admitted a photo of the complainant as she appeared at the time of the offense.

A.P. testified that the final encounter with Holloway occurred around 6 p.m. one night during that two-week period. Her Ring doorbell notified her that there was motion at the front door, and when she looked through the door's peep hole, Holloway looked through it at the same time and then the doorknob "twisted a little bit." The Ring footage was admitted without objection.

The trial court also overruled Holloway's Rule 403 and 404(b) objections to the testimony of the State's next witness, V.A. Before V.A.'s testimony, however, the trial court gave the jury an extraneous-offense limiting instruction at Holloway's request.[7] *See Delgado*, 235 S.W.3d at 251. At the instruction's conclusion, the trial court asked, "Can everyone follow that instruction?" and the jurors replied that they could.

---

[7]The trial court included the same limiting instruction in the jury charge—that the jury could not consider evidence of Holloway's having committed extraneous crimes, wrongs, or other bad acts other than the one charged in the indictment unless it found and believed beyond a reasonable doubt that he had committed them and then only if this evidence aided the jury in considering any motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. We presume that the jury followed the trial court's limiting instructions. *James v. State*, 623 S.W.3d 533, 549 (Tex. App.—Fort Worth 2021, no pet.).

V.A. testified that she had been taking her fourteen-year-old daughter to school in January 2024 when she saw Holloway at a stop sign near the school. Her daughter was in the front passenger seat, and V.A. stated, "[A]s I stopped, he . . . turned around and . . . then he put[] his hand in his pants and pull[ed] out his penis and stroke[d] it a couple of times and then put[] it back and continue[d] to walk to the school."[8]

The trial court denied defense counsel's motion for an instructed verdict on intent and knowledge that a child was present, and the jury found Holloway guilty after deliberating for 23 minutes.

## C. Analysis

Holloway complains that the child's identity was not an issue, making her photo irrelevant; that the child's photo was inflammatory; and that because the photo was irrelevant and distracting, it consumed an inordinate amount of time. He also complains that A.P.'s extraneous-offense testimony was repetitive, and he implicitly challenges her testimony in his argument that "extraneous-offense evidence in the form of sexually-related misconduct of this nature can have a tendency to suggest a verdict on an improper basis because of the inherently inflammatory and prejudicial character of crimes of a sexual nature."

### 1. Complainant's photo

Holloway ignores that the complainant's photo, a color photo in which she was fully and appropriately attired, *see Gallo*, 239 S.W.3d at 762, showed her physical size at

---

[8]Holloway does not challenge the admission of V.A.'s testimony on appeal.

8

the time of the offense, allowing the jury to determine—along with the unobjected-to photo of a vehicle of the same make and model as A.P.'s vehicle—whether Holloway was aware of the child's presence in the vehicle. *See* Tex. Penal Code Ann. § 21.11(a)(2)(A) (requiring knowledge that child is present when exposing genitals); *Mendoza v. State*, No. 02-11-00197-CR, 2012 WL 43172, at *3 (Tex. App.—Fort Worth Jan. 5, 2012, no pet.) (mem. op., not designated for publication) (observing that the State had to prove that the offender knew the child was present and that the offender exposed his or her genitals with the intent of gratifying someone's sexual desire but not that the child was aware of the exposure). The photo was admitted immediately after A.P.'s testimony that the child had been behind the driver's seat "in a booster" and that the child could easily see from the back window. A.P.'s testimony immediately after the photo's admission further described the booster as elevating the child's position.

While the child's identity was not an issue, Holloway's awareness of her presence was, increasing the photo's inherent probative force, demonstrating the State's need for the evidence, and making it unlikely to confuse or distract the jury. *See Gigliobianco*, 210 S.W.3d at 641. Holloway concedes that *Gigliobianco*'s fifth factor—any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence—"leans toward admission." And the record does not reflect that admitting the photo consumed an inordinate amount of time or that it repeated already admitted evidence. *See id.* at 641–42. We

9

conclude that the trial court did not abuse its discretion by admitting the photo over Holloway's Rule 403 objection and overrule this portion of his sole point.

## 2. A.P.'s extraneous-offense testimony

Holloway generally argues that sexually related extraneous misconduct can tend to suggest a verdict on an improper basis, although he does not explicitly analyze the admission of A.P.'s testimony under Rule 403. *Cf.* Tex. R. App. P. 38.1(i). Regardless of Holloway's lack of argument, the record does not reflect an abuse of discretion. *See Gigliobianco*, 210 S.W.3d at 641–42.

First, A.P.'s testimony that Holloway had exposed his penis to her while she was alone in her vehicle in her driveway before the charged offense and that he had walked up to her front door after the charged offense was relevant to the issue of his intent, motive, and opportunity, *see* Tex. R. Evid. 404(b), and to the jury's determination of her credibility because her testimony supported the offense's elements. *See* Tex. Penal Code Ann. § 21.11(a)(2)(A) (stating elements). Rather than confusing or distracting the jury, A.P.'s testimony about the two encounters provided context, and the record reflects that this portion of her testimony did not consume an inordinate amount of time. *See Gigliobianco*, 210 S.W.3d at 641–42; *see also Brown v. State*, No. 02-23-00189-CR, 2024 WL 4509589, at *4 (Tex. App.—Fort Worth Oct. 17, 2024, no pet.) (mem. op., not designated for publication) (explaining that extraneous-offense testimony about prior exposure contextualized witness's perception of subsequent exposure as intentional).

And although Holloway did not request a limiting instruction regarding A.P.'s extraneous-offense testimony, the trial court nonetheless included one in the jury charge without restricting it to V.A.'s similar extraneous-offense testimony, thus preventing any tendency of the evidence to suggest a decision on an improper basis or to be given undue weight. *See Gigliobianco*, 210 S.W.3d at 641–42; *see also Rios v. State*, No. 02-23-00219-CR, 2024 WL 3458076, at *4–5 (Tex. App.—Fort Worth July 18, 2024, pet. ref'd) (mem. op., not designated for publication) (stating that extraneous-offense evidence is unlikely to cause unfair prejudice when it is "no more heinous than the charged offense" and that any risk of improper use was lessened by jury charge's limiting instruction). Accordingly, because the record does not reflect that the trial court abused its discretion by overruling Holloway's Rule 403 objections to A.P.'s testimony, we overrule the remainder of his sole point.

## IV. Conclusion

Having overruled Holloway's sole point, we affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 26, 2026

11