**Opinion filed July 14, 2022**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-20-00215-CR & 11-20-00216-CR

_____

## ROBERT SHANNON SMITH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause Nos. CR26988 & CR27433**

## M E M O R A N D U M  O P I N I O N

The issue in both of these appeals is whether the trial court should have admitted evidence of the victim's prior bad acts in support of Appellant's claim of self-defense. The State charged Appellant, Robert Shannon Smith, with assault family violence enhanced, with an included enhancement under the repeat offender statute. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2021), § 12.42(a)

(West 2019). In a separate indictment, the State charged Appellant with retaliation, enhanced by the same prior conviction. *See id.* § 36.06 (West 2016), § 12.42(a). Both the assault family violence and retaliation offenses were charged as third-degree felony offenses. *See id.* §§ 22.01(b)(2)(A), 36.06(a)(1), (c). The trial court consolidated the cases for trial, and a jury convicted Appellant of both offenses. The trial court found the enhancement allegation to be "true" in each case and assessed punishment at confinement for a term of eighteen years for each offense, to be served concurrently, in the Institutional Division of the Texas Department of Criminal Justice. In a single issue in each appeal, Appellant contends that the trial court erred in excluding evidence of the victim's prior bad acts, which Appellant asserts would have supported his claim of self-defense. We affirm.

*Factual and Procedural History*

Appellant accepted a plea bargain in a prior case on June 10, 2019, which resulted in Appellant being placed on probation for the offense of assault family violence committed against his then girlfriend, R.P. The State subsequently submitted a motion to the trial court alleging that Appellant had violated the conditions of his probation on June 11, 2019, by again assaulting R.P. Following a revocation hearing, the trial court determined that Appellant did violate the conditions of his probation and sentenced him to one year in jail.

These appeals stem from events that occurred on June 11, 2019, for which Appellant was indicted for assault family violence and retaliation against R.P. During the trial on these offenses, Appellant attempted to introduce evidence of prior acts of violence that R.P. had allegedly committed against him. The trial court declined to admit the proffered evidence of R.P.'s alleged prior acts of violence against Appellant. Appellant contends that the proffered evidence of three prior

2

violent acts initiated by R.P. against him would have provided support for Appellant's claim of self-defense and, thus, that the trial court erred in excluding the evidence.

*Standard of Review*

A trial court's ruling on the admissibility of evidence is reviewed under an abuse of discretion standard. *Barron v. State*, 630 S.W.3d 392, 410 (Tex. App.—Eastland 2021, pet. ref'd) (citing *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019)). We will not reverse this decision if it is within the zone of reasonable disagreement. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011); *see also Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1991) (stating that, if the trial court "operates within the boundaries of its discretion, an appellate court should not disturb its decision, whatever it may be"). The ruling will not be disturbed if the trial court gave the wrong reason for the right ruling, so long as the ruling is correct on an applicable theory of law. *De La Paz*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009); *see also Henley v. State*, 493 S.W.3d 77, 93 n.35 (Tex. Crim. App. 2016).

If the trial court erroneously excluded the evidence, we must determine if the error is reversible or not. Tex. R. App. P. 44.2. Rule 44.2 considers constitutional and unconstitutional errors differently. *Id.* The erroneous exclusion of evidence is generally non-constitutional error. *Walters v. State*, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007); *see* Tex. R. App. P. 44.2(b). If the error significantly undermines fundamental elements of the accused's defense, however, it rises to constitutional error, *Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002), and must be reversed unless we determine "beyond a reasonable doubt that the error did not contribute to the conviction or punishment" of the defendant, Tex. R. App. P. 44.2(a).

Evidence that would only incrementally further the defendant's defensive theory is not constitutional error, but evidence that goes to the heart of the defense is constitutional error. *Holguin v. State*, No. 11-20-00143-CR, 2022 WL 1040935, at *7 (Tex. App.—Eastland, Apr. 7, 2022, no pet. h.) (mem. op., not designated for publication) (citing *Wilson v. State*, 451 S.W.3d 880, 886 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd)); *see Ray v. State*, 178 S.W.3d 833, 836 (Tex. Crim. App. 2005).

*Applicable Law*

The Texas Rules of Evidence prohibit evidence of other crimes, wrongs, or acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." TEX. R. EVID. 404(b)(1). But evidence of such acts may "be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." *Id.* R. 404(b)(2). Rule 404(b) is a rule of inclusion rather than exclusion, and the exceptions in the rule are neither mutually exclusive nor collectively exhaustive. *De La Paz*, 279 S.W.3d at 343 (citing *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000)).

Based on the language of Rule 404(b), there could be additional purposes for which evidence of prior acts may be admitted. *Garcia v. State*, 201 S.W.3d 695, 703 (Tex. Crim. App. 2006). For example, in cases where the prior relationship between the victim and the accused is a material issue, the nature of their relationship may be the purpose for which the evidence of prior bad acts would be admissible. *Id.* Evidence of a victim's prior acts of violence may also be admissible under Rule 404(b) to show the state of mind of a defendant who claims he acted in self-defense or to show that the victim was the first aggressor. *Torres v. State*, 71 S.W.3d

758, 760 & n.4, 761–62 (Tex. Crim. App. 2002) (holding that a murder victim's prior acts could be admissible for the purpose of defendant's claim of self-defense); *see Mozon v. State*, 991 S.W.2d 841, 846 (Tex. Crim. App. 1999); *Davis v. State*, 104 S.W.3d 177, 181–82 (Tex. App.—Waco 2003, no pet.) (holding that a child's acts of misbehavior may be admissible to show the state of mind of a defendant who claims he used reasonable force to discipline the child).

The Texas Rules of Evidence outline when evidence is relevant and, if relevant, when it is admissible or may be excluded. TEX. R. EVID. 401–412. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." TEX. R. EVID. 401. "A character trait is relevant if it is 'one that relates to a trait involved in the offense charged or a defense raised.'" *Reighley v. State*, 585 S.W.3d 98, 103 (Tex. App.—Amarillo 2019, pet. ref'd) (quoting *Melgar v. State*, 236 S.W.3d 302, 307 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd)). A trial court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. Relevant evidence is presumed to be more probative than prejudicial, but if an objection is raised, the trial court must weigh the probative value against the potential for unfair prejudice or confusing the jury. *Sanchez v. State*, 444 S.W.3d 215, 220 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). "Confusion of the issues" concerns the tendency of the evidence to confuse or distract the jury from the main issues in the case. *Casey v. State*, 215 S.W.3d 870, 880 (Tex. Crim. App. 2007) (citing *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006)).

*Analysis*

Appellant raises the same issue in both appeals. Appellant asserts that the trial court erred in denying Appellant's request to admit into evidence three prior violent acts of R.P. against him. Because Appellant raised self-defense against both the assault family violence and retaliation charges, and the error was alleged to be a violation of Appellant's right to assert his defense, we will analyze both cases together.

Appellant attempted to introduce evidence of three separate acts of violence that R.P. previously committed against him to show his experience of past assaults by her to support his defensive "reaction" to R.P. on June 11, 2019. Appellant made an offer of proof for these acts outside the presence of the jury, and the trial court ruled on their admissibility. The first act involved R.P. injuring Appellant's knee in 2018. This incident arose during an altercation for which Appellant pleaded no contest and was convicted for assault family violence. The second act involved R.P. stabbing Appellant in the arm with a pocketknife. The third act involved R.P. biting Appellant's foot. After the trial court excluded the first and second acts, Appellant withdrew his request to present evidence about the third act. Because the request to provide evidence for the third act was withdrawn, it is not preserved for appellate review, and we do not address it here. *See* TEX. R. APP. P. 33.1.

The trial court ruled that evidence of the extraneous first act of R.P. would confuse the jury, and it excluded that evidence. The trial court considered the evidence and concluded that R.P. was actually defending herself from Appellant's assault, an assault to which he then pleaded no contest. The trial court ruled that evidence of any injury suffered by Appellant, sustained during an assault on R.P., could "confuse" the jury, distracting them from the main issues in the case. The trial

court similarly ruled that evidence of the second extraneous violent act would also confuse the issues as it related to another assault initiated by Appellant, and R.P.'s response to that assault. The trial court determined that both acts were being offered for an impermissible use and would open the door to collateral fact issues of those extraneous assaults.

1. *Exclusion of Evidence*

Under Rule 404(b), evidence of a victim's prior acts of violence may be admissible to show the state of mind of a defendant who claims that he acted in self-defense. *See Davis*, 104 S.W.3d at 181. There is a presumption that relevant evidence is probative and should be admissible. *Sanchez*, 444 S.W.3d at 220. Evidence that has logical relevance apart from character conformity should not be excluded under Rule 404. R.P.'s prior two acts—which allegedly resulted in Appellant's injured knee and the stabbing injury to his arm—could be relevant to his defense in showing Appellant's state of mind at the time of the battery at issue. Appellant's testimony about the incident on June 11 indicated that R.P. started the physical confrontation. Appellant also testified that he was lying on his back, attempting to protect himself, while R.P. continued to assault—and possibly stab— him with a screwdriver and other tools from his tool bag. Appellant emphasized that he only used the force necessary to protect himself to stop R.P.'s attack and was only acting in self-defense in response to R.P.'s actions.

Appellant attempted to use these prior acts to show that his state of mind on June 11 was influenced by them. Because they go to his state of mind and allegedly caused him to respond in self-defense, the trial court likely erred in preventing Appellant from introducing this evidence.

However, even if the evidence were admissible under Rule 404(b), under Rule 403, evidence that may be relevant can still be properly excluded by the trial court if its probative value is outweighed by its prejudicial effect. *See* TEX. R. EVID. 403; *Mozon*, 991 S.W.2d at 846 (stating that all relevant evidence is subject to Rule 403 and that "[t]here is no exception for evidence relevant to a defensive theory"); *see also Feldman v. State*, 71 S.W.3d 738, 754 (Tex. Crim. App. 2002) ("While the trial court may decide that the evidence is admissible under Rule 404(b), it may nevertheless exclude that evidence if it determines that the probative value of the extraneous act evidence is substantially outweighed by unfair prejudice."). The trial court here determined that evidence of R.P.'s violent acts against Appellant during previous incidents of family violence—particularly one in which Appellant pled guilty and was convicted of the offense—would be more confusing than probative for the jury.

Appellant contends that his intent was not to show that R.P. had a character trait of being aggressive, but rather to show that Appellant's reactions to the escalating incident with R.P. were reasonably for self-defense. But here, both acts related to R.P.'s response to Appellant's acts of violence against her, rather than overt or isolated acts of violence against Appellant. The trial court indicated that introducing the evidence of prior bad acts would not be permitted, ostensibly due to its potential for misdirecting the jury from its focus on the facts of the current incident. The trial court gave no specific reason for its belief that the evidence would "confuse" the issues. If we assume, without holding, that evidence of the two proffered previous incidents with R.P. likely should have been admitted under Rules 404(b) and 403, that is not the end of our review regarding Appellant's issue.

8

## 2. *Harmless Error Analysis*

Even if the trial court erred in excluding the evidence, there was no substantial harm to Appellant's ability to present his defense. "The erroneous exclusion of a defendant's evidence generally constitutes non-constitutional error unless the excluded 'evidence forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense.'" *Davis*, 104 S.W.3d at 182 (quoting *Potier*, 68 S.W.3d at 665). Here, despite the exclusion of evidence of R.P.'s extraneous violent acts, Appellant was not precluded from presenting and arguing his defense to the jury. R.P. testified, and Appellant's trial attorney subsequently argued, that R.P. started the physical altercation on June 11 by throwing a marihuana grinder at Appellant, which struck him in the head. Further, Appellant's trial counsel introduced a copy of the transcript of Appellant's testimony during the probation revocation proceeding, which detailed his recollection of the events of June 11, 2019. During this recollection, Appellant named R.P. as being the first aggressor and detailed her violence against him. Appellant's trial counsel cross-examined R.P. extensively about the incident and the throwing of the grinder. Appellant also indicated that he did not use more force than was necessary to defend himself. Accordingly, we will apply the harm analysis for non-constitutional error under Rule 44.2(b) and will disregard any error that did not affect Appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b).

In applying the harmless error test, the primary question is what effect the error had, or reasonably may have had, on the jury's decisions. *Davis*, 104 S.W.3d at 182. We review the error in light of the entire proceedings. *Id.* No substantial rights of the defendant are affected if the error did not influence, or only had a slight influence on, the verdict. *Id.* Here, the exclusion of this extraneous evidence had,

9

at most, a slight effect or influence on the jury's verdict. Appellant admitted in his probation revocation hearing that he was not injured on June 11 and that he was capable of fending R.P. off without punching her, kicking her, or using any violence against her. This testimony alone allowed the jury to come to the same conclusion that it did—that Appellant was not acting in self-defense on June 11 and that he was guilty of assault family violence and retaliation. The exclusion of the evidence of R.P.'s extraneous violent acts then was not harmful and did not *prevent* Appellant from being able to present his defense, did not affect Appellant's substantial rights, did not have a substantial effect on the jury, and provides to us no reasonable basis to overturn the judgment of the trial court.

Appellant's sole issue in each appeal is overruled.

*This Court's Ruling*

We affirm the judgments of the trial court.


W. BRUCE WILLIAMS
JUSTICE


July 14, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.