

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00277-CR

_____

ERIC DEMOND MCNEIL, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1751507R

---

Before Kerr, Birdwell, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

A jury convicted Appellant Eric McNeil of aggravated sexual assault and assessed his punishment at six years' confinement.[1] The trial court sentenced him accordingly. McNeil argues in three issues on appeal that the evidence is insufficient to support his conviction and that the trial court erred by admitting graphic drawings into evidence. We affirm.

## I. BACKGROUND

J.J.,[2] a former prostitute, testified at trial that on June 2, 2019, she was walking home after she purchased and then used crack cocaine. She said that a car stopped and the driver asked her where she was going. She responded that she was going home and trying to get a beer. According to J.J., the man in the car, who was later identified as McNeil, gave her money for a beer. McNeil asked J.J. if she wanted a ride, and she got in his car.

J.J. testified that after she got in McNeil's car, he asked her, "[W]hat's your head game like." J.J. understood that he was asking for oral sex, but she testified that she had no intention of prostituting that night. However, J.J. did not believe that

---

[1]The jury also convicted McNeil of aggravated assault as alleged in Count 2 of the indictment. At the punishment phase of the trial, the State abandoned Count 2 of the indictment.

[2]We use initials to protect the complainant's identity. *See* 2nd Tex. App. (Fort Worth) Loc. R. 7; *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

performing oral sex was optional because McNeil had a gun pointed at her. J.J. testified that McNeil ejaculated in her mouth, and then he gave her some water to drink and told her to get out of the car. J.J. spit the water and ejaculate on the sidewalk after she got out of the car. J.J. called 9-1-1 to report what had happened to her.

The Fort Worth police responded to the call and were able to collect a sample from the spot on the sidewalk to submit for DNA testing. Detective Andrew Owen testified at trial that the investigation was paused for a while because they ran out of leads. Sometime later, the police received information that linked McNeil to the DNA evidence collected at the scene. Detective Owen drove by McNeil's residence and observed a vehicle that matched the description given by J.J. The police picked up McNeil on an outstanding traffic warrant and obtained a sample of McNeil's DNA, which matched that collected on the sidewalk at the crime scene.

McNeil testified at trial that he had been driving around looking to pick up a prostitute. According to McNeil, there was a young lady who flagged down his car and asked to get in after he pulled up next to her. McNeil said that he asked her if she was working, and she had him prove that he was not a police officer. McNeil asked her, "[W]hat's your head game like," meaning that he wanted oral sex. She told McNeil that it would be $30, but they agreed on $20 when he told her that was all the money he had. The lady told McNeil that he could not ejaculate in her mouth. McNeil acknowledged that he had a gun in his vehicle but said that he offered to put

3

it in the backseat. McNeil testified that he did not put his hand on the gun or touch the gun. McNeil paid the lady the $20, and she performed oral sex on him. McNeil said that he ejaculated in her mouth, and she got a drink of water and spit it out. The lady then demanded more money because he had ejaculated in her mouth, but McNeil refused to give her more money.

## II. SUFFICIENCY OF THE EVIDENCE

In his first issue, McNeil contends that the evidence is insufficient to support his conviction for aggravated sexual assault.

### A. STANDARD OF REVIEW

Federal due process requires that the State prove beyond a reasonable doubt every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 2787 (1979); *see* U.S. Const. amend. XIV. The *Jackson* standard of review, which is explained below, is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (overruling *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996)). "[W]e review the sufficiency of the evidence establishing the elements of a criminal offense under the single sufficiency standard set out in *Jackson v. Virginia*." *Acosta v. State*, 429 S.W.3d 621, 624 (Tex. Crim. App. 2014).

In our evidentiary-sufficiency review, we view all evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). The factfinder alone judges the evidence's weight and credibility. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021). We may not re-evaluate the evidence's weight and credibility and substitute our judgment for the factfinder's. *Queeman*, 520 S.W.3d at 622. Instead, we determine whether the necessary inferences are reasonable based on the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Braughton v. State*, 569 S.W.3d 593, 608 (Tex. Crim. App. 2018); *see Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017) ("The court conducting a sufficiency review must not engage in a 'divide and conquer' strategy but must consider the cumulative force of all the evidence."). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we must defer to that resolution. *Braughton*, 569 S.W.3d at 608.

### B. ANALYSIS

A person commits the offense of aggravated sexual assault if he intentionally or knowingly causes the penetration of the mouth of another person by the sexual organ of the actor without that person's consent and by acts or words places the victim in fear that death, serious bodily injury, or kidnapping would imminently be inflicted on

5

any person, or uses or exhibits a deadly weapon during the same criminal episode. Tex. Penal Code Ann. § 22.021(a)(1)(A)(ii), (a)(2)(A)(ii), (iv).

J.J. testified that McNeil pointed a gun at her and forced her to perform oral sex on him without her consent. Although McNeil testified that he paid J.J. to perform oral sex making the encounter consensual, the jury was entitled to resolve any conflicts in the testimony, and we must defer to the jury's resolution. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. This is not a case in which no rational juror could have found the essential elements of the crime beyond a reasonable doubt. *See id.* at 319, 99 S. Ct. at 2789. We overrule the first issue.

## III. ADMISSION OF EXHIBITS

In his second and third issues, McNeil argues that the trial court erred by admitting three exhibits.

### A. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990) (op. on reh'g). We will not reverse a trial court's decision to admit or exclude evidence unless the record shows a clear abuse of discretion. *Zuliani*, 97 S.W.3d at 595. An abuse of discretion occurs only when the trial court's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id.* If the trial court's evidentiary ruling is correct on any applicable theory of law, we will not disturb it even

6

if the trial court gave the wrong reason for its correct ruling. *De la Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009); *Qualls v. State*, 547 S.W.3d 663, 675 (Tex. App.—Fort Worth 2018, pet. ref'd).

Rule 403 provides that the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. Tex. R. Evid. 403. "Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence is more probative than prejudicial." *James v. State*, 623 S.W.3d 533, 546–47 (Tex. App.—Fort Worth 2021, no pet.) (first citing *Montgomery*, 810 S.W.2d at 389; and then citing *Emich v. State*, No. 02-18-00059-CR, 2019 WL 311153, at *7 (Tex. App.—Fort Worth Jan. 24, 2019, pet. ref'd) (mem. op., not designated for publication)). Because of this presumption, it is the burden of the party opposing the admission of the evidence to show that the evidence's probative value is substantially outweighed by one or more of the dangers listed in Rule 403. *James*, 623 S.W.3d at 547.

## B. DISCUSSION

During its cross-examination, the State questioned McNeil about writing erotic poetry. The State then offered as evidence two exhibits from McNeil's Facebook page that depicted poems written by McNeil. Included with the poems were two drawings—the first was of a mostly nude man and woman in bed together and the second was of a mostly nude man and woman embracing. McNeil objected to the

7

introduction of the exhibits based upon relevance and also complained that the exhibits were not provided prior to trial, and violated Rule 403. The State then offered another exhibit that included a poem written by McNeill about rage that included an image of an object being destroyed by fire. McNeil made the same objections to this exhibit. The trial court overruled McNeil's objections.

McNeil argues on appeal that the exhibits were inadmissible because the State failed to lay the proper predicate. To properly preserve error under Rule 33.1 of the Texas Rules of Appellate Procedure, a complaint must have been "made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex. R. App. P. 33.1(a)(1)(A). Further, the record must reflect that the trial court ruled on the objection either expressly or implicitly or "refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." Tex. R. App. P. 33.1(a)(2). McNeil did not challenge the admission of the exhibits at trial on predicate grounds, and the trial court did not rule on an objection for failing to lay the proper predicate. McNeil has not preserved this complaint for review. *See* Tex. R. App. P. 33.1.

McNeil also argues that the trial court erred by overruling his Rule 403 objection to each of the three exhibits. McNeil's general Rule 403 objection did not identify for the trial court which of the five distinct grounds in Rule 403 for excluding

8

evidence precluded the admission of the exhibits, and, therefore, his objection was insufficient to preserve his complaint for review. *See* Tex. R. App. P. 33.1(a)(1); *Checo v. State*, 402 S.W.3d 440, 451 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *Andrews v. State*, No. 02-17-00052-CR, 2018 WL 3385661 at *4 (Tex. App.—Fort Worth July 12, 2018, pet. ref'd) (mem. op., not designated for publication).

Moreover, we would reach the same conclusion even if McNeil had preserved the error. To determine whether evidence is admissible in the face of a Rule 403 objection, the trial court must conduct a balancing test. *Montgomery*, 810 S.W.2d at 389; *see Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). The Texas Court of Criminal Appeals has instructed that when undertaking a Rule 403 analysis, courts must balance (1) the inherent probative force of the proffered item of evidence and (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency that a jury that has not been equipped to evaluate the probative force of the evidence would give it undue weight, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco*, 210 S.W.3d at 641–42.

Once a Rule 403 objection is invoked, the trial judge has no discretion whether to engage in the balancing test required by that rule. *Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997). However, a trial court is not required to sua sponte place

9

into the record any findings it makes or conclusions it draws when engaging in this test, and McNeil did not request the trial court to make the findings on the record. *Id.* The trial court is presumed to engage in the required balancing test once Rule 403 is invoked. *Id.* at 195–96.

The images were not inflammatory, and there is nothing to suggest an improper verdict based upon the exhibits' admission. There is further nothing to suggest that the exhibits would confuse the jury or distract from the main issues. The trial court did not abuse its discretion in admitting the exhibits. We overrule McNeil's second and third issues on appeal.

## IV. CONCLUSION

Having overruled McNeil's three issues, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 30, 2023