

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00365-CR

---

TONY CASTILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. DC-2024-CR-2035, Honorable John J. "Trey" McClendon III, Presiding

---

August 27, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Tony Castillo, appeals his conviction and sentence for the offense of aggravated assault on a family member causing serious bodily injury.[1] An affirmative finding was made that Appellant committed the offense while using or exhibiting a deadly weapon, specifically a firearm. He was sentenced to thirty-five years' incarceration. We affirm the trial court's judgment.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02.

## BACKGROUND

Appellant and Emily Whiteley were in a volatile romantic relationship, which produced a child. By 2022, the couple, who were no longer together, had reached an informal custody agreement. On or about May 22, 2022, Appellant abducted the child in Midland and took him to Lubbock. Whiteley located Appellant and, along with members of her family, confronted him in the parking lot of South Plains Mall. Whiteley gained possession of the child and he and Whiteley's mother drove away in one vehicle. Whiteley fled in a vehicle being driven by Whiteley's aunt. Appellant chased Whiteley, eventually colliding with her vehicle and forcing it off the road. Immediately after the collision, Appellant exited his vehicle, ran to Whiteley's vehicle, and opened the door. Whiteley climbed into the backseat of the vehicle to get away from Appellant. Appellant pulled a handgun from his pocket and began loading it with bullets while standing in the open doorway of the vehicle. Eventually, Appellant fired multiple shots into the vehicle. Whiteley was struck in her chest, back, and knee. Appellant was indicted for the offense of aggravated assault against a family member causing serious bodily injury. The indictment also alleged that he committed the offense using a deadly weapon.

At trial, through the testimony of his teenage daughter, who was in his vehicle during the altercation and shooting, Appellant argued that he shot Whiteley in self-defense based on purported threats made by Whiteley's aunt. During Whiteley's testimony, the State sought to admit testimony regarding prior incidents of Appellant burglarizing Whiteley's apartment and threatening her with a gun. Appellant objected to this testimony. The trial court overruled Appellant's objection and granted him a running objection. At the close of trial, the jury found Appellant guilty of the indicted offense and,

2

after hearing punishment evidence, recommended a sentence of thirty-five years' incarceration. The trial court entered judgment in accordance with the jury's verdicts. Appellant timely filed the instant appeal.

## ANALYSIS

Appellant's sole issue contends that the trial court erred by allowing the State to present evidence of extraneous offenses committed against a different individual than the person whose actions prompted Appellant to act in self-defense. The State argues that Appellant has procedurally defaulted this issue because he did not properly preserve the issue that he argues on appeal.

As a prerequisite to presenting a complaint on appeal, Appellant was required to make "a timely, specific objection and [obtain] a ruling by the trial court." *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004) (en banc) (citing TEX. R. APP. P. 33.1). "Preservation [of error] is a systemic requirement." *Williams v. State*, 707 S.W.3d 233, 247 (Tex. Crim. App. 2024). Additionally, the grounds urged in support of an objection must comport with the grounds urged on appeal. *Lucero v. State*, 709 S.W.3d 739, 744 (Tex. App.—Amarillo 2025, pet. filed).

Appellant's argument on appeal analyzes the six factors that, according to *Gigliobianco v. State*, must be balanced to determine the propriety of an objection asserted under Rule 403. 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). However, Appellant did not preserve this complaint in the trial court.

During trial, Appellant objected to the State's offer of the challenged extraneous offense evidence by stating, "I don't believe that they fall into either – either [article]

3

38.371, even though it says domestic violence of the victim, nor certainly not a [Rule] 404(b) example of extraneous offense to prove character . . . .  So for those reasons, I object to the testimony . . . ."  The trial court responded, "your objections are noted and overruled.  You'll have a running objection – as to those things."  Thus, the objections Appellant made were that the evidence was not admissible under article 38.371 and violated Rule 404(b).  Clearly, these objections did not inform the trial court that Appellant was objecting that the evidence violated Rule 403.

The closest Appellant came to invoking Rule 403 occurred early in the discussion of the extraneous offense evidence when Appellant stated that "[i]t's highly prejudicial, and it has nothing to do with the events that we're here before the Court in."  To preserve a complaint under Rule 403, that rule "must be specifically invoked in the trial court . . . ." *Kisijara v. State*, No. 01-23-00534-CR, 2025 Tex. App. LEXIS 2708, at *18 (Tex. App.— Houston [1st Dist.] Apr. 22, 2025, no pet.) (mem. op., not designated for publication) (citing *Montgomery v. State*, 810 S.W.2d 372, 388–89 (Tex. Crim. App. 1990)).  "A general 403 objection is not sufficient to preserve error because it fails to identify for the trial court which of the five distinct grounds for excluding evidence listed in Rule 403 is being argued as a basis for exclusion."  *Ballard v. State*, No. 07-16-00333-CR, 2017 Tex. App. LEXIS 11719, at *12–13 (Tex. App.—Amarillo Dec. 15, 2017, pet. ref'd) (mem. op., not designated for publication); *see Netterville v. State*, No. 07-23-00448-CR, 2024 Tex. App. LEXIS 8890, at *9 (Tex. App.—Amarillo Dec. 20, 2024, pet. ref'd) (mem. op., not designated for publication) (agreeing with *Ballard*).  We cannot conclude that Appellant's statement that the challenged evidence is "highly prejudicial" is sufficient to preserve his

complaint that the evidence should have been excluded under Rule 403.  Therefore, we overrule Appellant's sole issue.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.